101 So.2d 411 (1958)
BOARD OF COMMISSIONERS OF STATE INSTITUTIONS, a constitutional governmental agency of the State of Florida, Petitioner,
v.
The TALLAHASSEE BANK & TRUST COMPANY, as Administrator cum testamento annexo, Estate of John G. Riley, deceased; Winifred Lively Wesson, Caroline Lively Carraway, and Emily G. Lively, Trustees of the Church of God, a Florida corporation, Hyman Myers, and City of Tallahassee, a municipal corporation, Respondents.
No. A-263.
District Court of Appeal of Florida. First District.
February 7, 1958.
*412 Richard W. Ervin, Atty. Gen., Ralph McLane, Asst. Atty. Gen., and H. Rex Owen, Sp. Asst. Atty. Gen., for petitioners.
Caldwell, Parker & Foster, Tallahassee, and Truett & Watkins, Tallahassee, for defendant-respondents.
PER CURIAM.
Petitioner, Board of Commissioners of State Institutions, has filed a notice of appeal seeking review of an order of the trial judge by which he determined at a pre-trial hearing the admissibility of a type of evidence as to land value in a condemnation proceeding which has been set for trial on February 12, 1958.
The matter is now before us on petitioner's application for a constitutional writ or an alternative motion for stay or supersedeas requesting us to halt the forthcoming trial until we dispose of the appeal.
This cause has previously been before this Court and reference may be had to our earlier opinion which reflects the background of the situation. Board of Commissioners of State Institutions v. Tallahassee Bank & Trust Co., Fla.App., 67 So.2d 100.
A careful study of the order under assault convinces us that it is nothing more than an interlocutory pre-trial order governing aspects of evidence as to value that will be allowed to go to the jury when the case is tried. The order here is in no respect similar to the order considered in Howard Johnson, Inc., of Fla. v. State Road Department of Florida, Fla. 1956, 90 So.2d 306.
It appears to us that if the instant order is subject to review by interlocutory appeal, which we consider the present appeal to be, then by direct analogy every pre-trial conference order entered by every Circuit Judge in every law action in Florida would be subject to interlocutory review before final judgment. Such would be contrary to all of our precedents on the subject and is not supported by applicable rules. Rule 4.2, Florida Appellate Rules. In the orderly process for the administration of justice appellate courts should cautiously avoid intrusion and encroachment upon the trial jurisdiction of the circuit court. It is not the function of an appellate court to inject itself into the middle of a lawsuit and undertake to direct the trial judge in the conduct of the case.
No final judgment has yet been entered. If after the cause is tried and a final judgment is entered the petitioner-appellant then deems itself aggrieved by some irregularity in the proceeding, the time will be ripe to review the matter on appeal and correct the irregularity. Until that time arrives, however, this Court is not in a position to evaluate properly the correctness of the various interlocutory rulings of the trial judge.
The motion for a constitutional writ and a stay of proceedings below is, therefore, denied. This decision, however, is not to be construed as an affirmation of the orders heretofore entered by the trial judge *413 nor shall it preclude the petitioner-appellant from raising the same questions on appeal after final judgment.
Motion denied.
STURGIS, C.J., and THORNAL and ROWE, R.H., A. JJ., concur.
WIGGINTON, J., recused ex mero motu.