WIGGINTON, J., Acting Chief Judge.
Appellants, as plaintiffs, brought an action at law against the defendant-appellee for breach of contract, negligence and fraud. They now seek to invoke the jurisdiction of this court by interlocutory *2 appeal to review an order of the trial court granting defendant’s motion to strike certain portions of their complaint. The propriety of the use of this vehicle to obtain appellate review of an interlocutory order in a law action is our immediate concern.
Rule 4.2, Florida Appellate Rules, 31 F.S.A., provides for the review of interlocutory orders entered in common law actions only when such orders relate to venue or jurisdiction over the person. The jurisdiction of an appellate court cannot be otherwise invoked thereunder in actions at law.[1]
F.S. § 59.45, F.S.A., urged by appellants on oral argument, provides little solace. It permits an appeal which has been improvidently taken to be regarded as a petition for certiorari “ * * * where the remedy might have been more properly sought by certiorari * * In our recent decision in Pullman Co. v. Fleishel[2] we denied a petition for writ of certiorari to review an interlocutory order denying petitioner’s motion for summary judgment on the ground that an adequate remedy was available by appeal from and after the entry of final judgment. In the Board of Commissioners of State Institutions v. Tallahassee Bank & Trust Company[3] we refused certiorari to review an interlocutory order at law for similar reasons. There, as in the Pullman Co. case, supra, we held that in the orderly processes for the administration of justice appellate courts should cautiously avoid intrusion and encroachment upon the jurisdiction of trial courts. It is not the function of an appellate court to inject itself into a trial or to direct the trial court in the conduct of a case before it. If a party be aggrieved by any interlocutory order, other than those encompassed by the rules he may seek a review thereof by appropriate assignment only upon appeal from the final judgment, except in those cases in which it can be clearly demonstrated that such will not afford a full, adequate and complete remedy. The reasons for denying certiorari in the above cited cases are the basic reasons why review of interlocutory orders in law actions is confined solely to questions of venue and jurisdiction over the person.
Having failed to properly invoke the jurisdiction of this court to review the challenged order by interlocutory appeal, and absent a clear showing that there can be no full, adequate and complete relief by appeal from final judgment, this appeal must be and the same is hereby dismissed, but without prejudice to appellants’ right to seek a review by appeal upon the entry of final judgment if they be so advised.
CARROLL, DONALD, J., and WILLIS, BEN C., Associate Judge, concur.

. Renard v. Kirkeby Hotels, Inc., Fla.App. 1968, 99 So.2d 719.

. Fla.App.1958, 101 So.2d 188.

. Fla.App.1958, 101 So.2d 411.