HENDRY, Judge.
The above-titled petitions for certiorari were presented to this court as one, and since the questions of law are equally applicable to all, this opinion and ruling shall be determinative of all such petitions.
The petitioners, defendants below, seek review of the order of the circuit court of Dade County which denied defendants’ motions to dismiss for plaintiff’s failure to take any affirmative action in the prosecution of the cause for one year.
The respondent, plaintiff below, filed her complaint on April 22, 1960. The defendants, within the time prescribed by the rules, filed their motions to dismiss the complaint on the ground that it failed to state a cause of action. The plaintiff took no further action after filing her complaint. *232 Defendants allege that after one year had ■elapsed from the date of the filing of the complaint, they filed their motions to dismiss the cause for want of prosecution pursuant to § 45.19, Fla.Stat., F.S.A.
The court, after hearing argument of counsel for the respective parties, entered its order denying the defendants’ motions to dismiss the cause for want of prosecution.
The writ will not ordinarily issue to review interlocutory orders at law which are reviewable on appeal from the final judgment. However, there are some well-settled exceptions to the principle. It was held in Kaufman v. King, Fla.1956, 89 So. 2d 24, 26, that certiorari is the proper remedy where the court below acts without or in excess of its jurisdiction or “where the interlocutory order does not conform to the essential requirements of law and may reasonably cause material injury throughout the subsequent proceedings for which the remedy by appeal will be inadequate.” Ford Motors v. Havee, Fla.App.1960, 123 So.2d 572; White v. Spears, Fla.App.1960, 123 So.2d 689.
We are of the view that the order before us for review does not come within the foregoing exceptions. There is nothing in the record to show that the denial of the motion to dismiss for want of prosecution will cause material injury to the petitioners throughout subsequent proceedings of this cause for which remedy by appeal will be inadequate. United Life Ins. Co. v. Jowers, Fla.App.1960, 118 So.2d 85.
For the reason herein stated certiorari is denied and the petition is dismissed.
Writs denied.