PER CURIAM.
Southern Standard Life Insurance Company filed its petition for Writ of Certiorari seeking review of an order of the trial court requiring petitioner to make a more direct answer to the following interrogatory, to wit:
“Was George E. Vinson covered by Workman’s Compensation on the account of Southern Standard Life Insurance Company, on October 3, 1961 ?”
To the foregoing interrogatory, petitioner had previously responded:
“Southern Standard Life Insurance Company had procured workmens compensation insurance coverage, which was in effect on October 3, 1961, and this insurance would have covered any person employed by the company, who was an 'employee’ as defined in the Florida Workmen’s Compensation Act, but George E. Vinson was not specifically covered.”
The issues between these parties arose out of an automobile accident which occurred in East Palatka, Florida, and resulted in the death of respondent PIollo-man’s minor son. Respondent Holloman’s complaint alleges that the accident was due to the negligent operation of the automobile by respondent George E. Vinson and that respondent Vinson was employed as a servant or agent of petitioner and was acting within the scope of his employment at the time of the accident. Petitioner has admitted that Vinson was its agent at the time of the accident but denies that the relationship of master and servant exists.
Petitioner poses two points for our consideration, viz.:
(1) Does the court have jurisdiction to entertain a petition for writ of certiorari which seeks review of an order at law on a discovery matter?
(2) Should a party who has disclosed, in responding to interrogatories, the factual information regarding the status of a particular person with respect to workmen’s compensation coverage be required to further answer an interrogatory by expressing a legal opinion as to that person’s status under the Workmen’s Compensation Act?
We will consider both points together.
A crucial issue in this action is whether Vinson was an agent or employee of petitioner acting within the scope of his authority at the time of the occurrence in question, and for whose negligence petitioner would be liable. The order sought to be reviewed requires petitioner to specifically answer whether on the critical date in *889 question, Vinson was covered by any policy of workmen’s compensation insurance procured by petitioner. The Workmen’s Compensation Act defines an employee as every person engaged in any employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written, including aliens, and also including minors whether lawfully or unlawfully employed.[1] The term “employee” shall include any person who is an officer of a corporation and who performs services for remuneration for such1 corporation within this state, whether or not such services are continuous. Services shall be presumed to have been rendered the corporation in cases where such officer is compensated by other than dividends upon shares of stock of such corporation owned by him.[2] It is provided that the term “employee” shall not include independent contractors or persons whose employment is both casual and not in the course of the trade, business, profession or occupation of the employer.[3]
The determination of any individual’s status as an employee within the contemplation of the Workmen’s Compensation Act is a judicial determination to be reached from a consideration of all of the evidence presented to the proper judicial forum. Consequently, the order appealed is not authorized and was improper in that it required the petitioner to answer the interrogatory with an opinion of law. The trial court erred in directing petitioner to answer the instant interrogatory.
As to the granting of certiorari little can be added to what was said in this court’s opinion in Boucher v. Pure Oil Company[4] wherein the following applicable rule was quoted from an opinion of the Supreme Court in Brooks v. Owens :[5]
“This court will review an interlocutory order in law only under exceptional circumstances. Where it clearly appears that there is no full, adequate and complete remedy by appeal after final judgment available to the petitioner, this court will consider granting the writ, as where the lower court acts without and in excess of its jurisdiction, or the order does not conform to essential requirements of law and may cause material injury throughout subsequent proceedings for which the remedy by appeal will be inadequate.”
And in Boucher v. Pure Oil Company the following statement was made which is determinative of the instant issue, viz.:
“ * * * Considering this case in light of the foregoing rule we are of the view that the circumstances are such as to justify our review of the questioned order. If plaintiff is wrongfully required to answer defendant’s interrogatories, she is beyond relief. We conceive no means by which on appeal this court could extract such knowledge, once gained, from the mind of the defendant, for truly ‘the moving finger having writ moves on nor any appeal shall lure it back to cancel half a line.’”
Accordingly, the writ is hereby granted and the order rendered in this cause by the Circuit Court of Putnam County and dated December IS, 1962, be and the same is hereby quashed and held for naught.
CARROLL, DONALD K., Chief Judge, WIGGINTON and RAWLS, JJ., concur.

. F.S. § 440.02(2) (a), F.S.A.

. F.S. § 440.02(2) (b), F.S.A.

. F.S. § 440.02(2) (c), F.S.A.

. Boucher v. Pure Oil Company, 101 So. 2d 408 (Fla.App.1st, 1957).

. Brooks v. Owens, 97 So.2d 693 (Fla.1957).