155 So.2d 745 (1963)
Larry B. GIRTEN, Petitioner,
v.
Mary J. BOUVIER and Maurice J. Bouvier, Respondents.
No. 3807.
District Court of Appeal of Florida. Second District.
August 16, 1963.
*746 James M. Adams, of Jones, Adams, Paine & Foster, West Palm Beach, for petitioner.
Sam D. Phillips, Jr., of Phillips & Hathaway, West Palm Beach, for respondents.
PER CURIAM.
During the pre-trial process in the course of an action at law, petitioner, Larry B. Girten, defendant below, propounded various written interrogatories pursuant to rule 1.27, Florida Rules of Civil Procedure, 30 F.S.A. These numbered thirty; subsections and subsidiary questions under many of them brought the total to more than seventy. Plaintiff, Mary J. Bouvier, a respondent, filed objections; and several of these were sustained via order of the trial court, while the bulk of the objections were overruled.[1]
*747 Respondents, as plaintiffs, were suing the defendant-petitioner for injuries claimed to have been received by Mary J. Bouvier as a result of petitioner's allegedly negligent operation of a motor vehicle. By his answer, petitioner denied the negligence and the injuries and asserted the affirmative defense of contributory negligence. By stipulation of the parties, request has been made that this court consider only the matters raised by the petition with respect to the respondent Mary J. Bouvier, Maurice J. Bouvier having died since commencement of this suit.
Petitioner states that the interrogatories were filed for the purpose of discovering facts of the alleged accident, the present medical condition of the respondent, her past medical history, the names of possible witnesses, and pertinent background information concerning the respondent. Objections adverted generally to all the interrogatories; grounds asserted were that the information sought was irrelevant and privileged, that the questions were too broad, and that they were filed for harassment.
It is petitioner's position that the trial court's ruling in sustaining respondent's objections does not conform to the essential requirements of law, that an appeal after final judgment would afford no adequate and complete remedy since, if he should prevail, a new trial would result; further, that the lack of information sought will cause him material injury throughout the subsequent proceedings in that it is needed for preparation of his case for trial.
In considering a petition for writ of certiorari to review an interlocutory *748 order at law, we are constrained to observe that an appellate court should exercise caution, lest it intrude upon the trial jurisdiction of the court whose order is challenged. As the court observed in Board of Commissioners of State Institutions v. Tallahassee Bank & Trust Co., Fla.App. 1958, 101 So.2d 411, 412, "It is not the function of an appellate court to inject itself into the middle of a lawsuit and undertake to direct the trial judge in the conduct of the case." This is consonant with the comment made by the Florida Supreme Court in Charles Sales Corp. v. Rovenger, Fla. 1956, 88 So.2d 551, 553, "* * * the trial court has a wide discretion in its treatment of discovery problems which we will not ordinarily disturb."
Review other than by appeal from a final judgment is limited. In an action at law, interlocutory appeal is permitted only from specifically categorized orders. Rule 4.2, Florida Appellate Rules, 31 F.S.A. Other than this, appeal must be from a final judgment. Common-law certiorari, a discretionary writ, ordinarily will not be issued by an appellate court to review interlocutory orders in a suit at law, since such errors as are made in it may be corrected on appeal. Only in exceptional cases, such as those where the lower court acts without or in excess of jurisdiction, or where the interlocutory order does not conform to the essential requirements of law and may reasonably cause material injury throughout the subsequent proceedings for which the remedy by appeal will be inadequate, will the appellate court exercise its discretionary power to issue the writ. See Wolf v. Industrial Supply Corp., Fla. 1952, 62 So.2d 30; Kauffman v. King, Fla. 1956, 89 So.2d 24; Taylor v. Board of Public Instruction of Duval County, Fla.App. 1961, 131 So.2d 504. Where the remedy of appeal exists, this right ordinarily serves as a sufficient impediment to the obtaining of review by certiorari, although it may not be as convenient. 5 Fla.Jur., Certiorari, section 9, page 492; Tart v. State, 1928, 96 Fla. 77, 117 So. 698.
A succinct yet comprehensive summary upon the subject of reviewability of errors and irregularities may be found in 5 Fla.Jur., Certiorari, section 33, pages 532, 533:
"`Mere errors' are not reviewable on certiorari. For example, nonfundamental errors of judgment, of procedure, or as to the law applicable to the facts are not remediable by certiorari. The reviewing court thus has no power in certiorari proceedings to inquire into alleged errors in admitting or rejecting evidence, in giving or refusing charges to the jury, in giving weight to testimony, in making rulings on the pleadings or other rulings during the trial, or in other matters of procedure. This is true even though the error might be reversible on appeal. Especially is it true if the judgment, though irregular, affords substantial justice to the parties. But certiorari review does extend to substantial errors that are calculated to materially injure the complaining party. Thus, serious irregularities or material fundamental errors in applying the law may be a ground for quashing a judgment. For instance, an error that is so flagrant as to constitute a departure from the essential requirements of the law, or that renders the judgment illegal or void, not merely erroneous, makes the judgment quashable."
It is thus seen that power to review an intermediate order does not comprehend errors by the trial court in the making of rulings on the pleadings (see also Welsh v. Tropical Roofing Co., Fla.App. 1961, 127 So.2d 894; Longo v. Collins, Fla.App. 1958, 106 So.2d 1), nor as to the law applicable to the facts; neither will an appellate court review alleged errors in admitting or rejecting evidence or in making of rulings *749 on other matters of procedure, even though the error might be reversible on appeal. Nonfundamental errors of judgment or of procedure cannot, therefore, become the subject of a proceeding such as this.
Petitioner has cited two cases in support of his position, Boucher v. Pure Oil Co., Fla.App. 1957, 101 So.2d 408; and Suez Co. v. Hodgins, Fla.App. 1962, 137 So.2d 231. In the Boucher case, it was held that the order was reviewable on certiorari and that defendant was not entitled on discovery to inquire whether plaintiff or her attorney knew of any statute, ordinance, or regulation controlling the installation of gasoline storage tanks or the delivery of petroleum products to them. The court stated that, absent compelling reasons, the rules of discovery could not be made the vehicle through which counsel for a litigant may be required to divulge work product resulting from his labors and ingenuity in preparing his case. The proceeding before this court does not concern divulgence of work product. The Suez case, denying review of the challenged order, was cited for the general principle which we have heretofore stated, that only in exceptional cases will certiorari be granted for review of an interlocutory order at law. This same principle was recognized in the Boucher case.
If the matters here protested were adjudged as error, it cannot be said that they are fundamental or are of such a substantial nature as would be calculated to cause material injury to the petitioner, nor so flagrant as to constitute a departure from the essential requirements of law. If on appeal the order complained of is held to be reversible, the cause will be remanded for a proper trial and petitioner will be afforded any relief to which he, under law, may be entitled. As we have stated, petitioner asserts that his case will be damaged in that the information sought through the eliminated interrogatories is needed in preparation of his defense. If it be true that the trial court was in error, then this is subject to correction on appeal after final judgment has been entered.
The allowing of certiorari in a case such as this could carry the potentiality of multitudinous petitions for review of allegedly erroneous rulings. As to interrogatories, these could be posed for review, even though many were required by the court to be answered, some of them containing much the same information as those that fell by the wayside. There could be cases wherein merely a few or perhaps even only one had been successfully objected to, or where their substance was inconsequential or repetitive or where some other reason would render their omission harmless.
We do not find that the interrogatories which are the subject of this petition bring it either within the rule of exceptional cases or within a situation which would require "special dispensation" as in Kilgore v. Bird, 1942, 149 Fla. 570, 6 So.2d 541, so characterized in Wolf v. Industrial Supply Corp., supra. Our decision to deny certiorari does not mean that the petitioner will be precluded from propounding at the trial the interrogatories which were successfully objected to; neither does it preclude the trial court from ruling upon these as to their propriety under the situation then presented; nor is the petitioner precluded from raising the question of correctness of the interlocutory order here assailed upon appeal from final judgment, should he feel aggrieved by such judgment.
The petition for writ of certiorari is denied.
SMITH, C.J., and KANNER, J., concur.
SHANNON, J., dissents.
SHANNON, Judge (dissenting).
I regret that I must dissent from the majority opinion, but I feel that the petitioner's *750 writ of certiorari should be granted and the order of the lower court quashed.
In his petition for writ of certiorari the petitioner alleges that pursuant to Rule 1.27 of the Florida Rules of Civil Procedure, certain interrogatories were filed and directed to the respondent. The respondent filed objections, and the judge in the lower court sustained objections to various interrogatories.
One of the interrogatories to which objection was sustained by the trial court is as follows:
"15. Give the names and addresses of all hospitals, in addition to those listed above, where you have been either an inpatient or an out-patient during your entire life, and as to each admission in such hospital give:
"(a) Date of admission and discharge.
"(b) Nature of ailment or illness for which you were so hospitalized.
"(c) Nature of operations performed.
"(d) Name and address of attending physician and operating surgeon, if any."
Respondent filed written objections to this and the other interrogatories on the following grounds:
"1. Said interrogatories seek information which is not relevant to the subject matter of the suit.
"2. Said interrogatories, which exceed seventy in number, including the component parts, are filed solely for harassment purposes.
"3. Said interrogatories are too broad and general in scope and do not pertain to the particular case involved, but are stereotyped questions propounded at random.
"4. Said interrogatories seek information which is privileged."
These objections were considered by the court below, and the trial judge in his order sustained objections to twelve of the interrogatories, most of which contained sub-questions.
I have set out the above interrogatory and the objections thereto for the reason that, notwithstanding the length of time that the rules pertaining to interrogatories have been in existence, I feel that a discussion is necessary in order to exemplify the length and extent to which a party may go pursuant to these rules.
Insofar as the petition for writ of certiorari is concerned, the Supreme Court of Florida has held in Shell v. State Road Department, Fla. 1961, 135 So.2d 857, that:
"* * * This exception, which this court recognized in Wolf v. Industrial Supply Corporation, supra, applies only when it is clearly apparent that there has been a departure from the essential requirements of law and that the petitioner does not have a full and adequate remedy by appeal after final judgment. * * *
* * * * * *
"* * * However, notwithstanding the language in Ramagli, it was not the intention of this court, by adopting the present appellate rules, to abrogate the jurisdiction of our district courts of appeal to review by certiorari interlocutory orders at common law if the requirements of the exception outlined in Wolf v. Industrial Supply Corporation, supra, are fully met. * * *"
On this question there is an excellent discussion in Judge Wigginton's opinion in the case of Boucher v. Pure Oil Company, Fla.App. 1957, 101 So.2d 408.
*751 For reliable textual treatment of this subject, see 5 Fla.Jur., Certiorari, Sec. 12, where it is stated that:
"On the strength of Sec. 4 of the Declaration of Rights, the Supreme Court has occasionally recognized that in exceptional cases certiorari may lie to review interlocutory or preliminary orders in law cases. Thus, certiorari has been used to quash an order requiring a witness to answer certain interrogatories held to be improper, an order requiring the production of documents for discovery purposes, and an order denying a motion to quash a subpoena duces tecum for the taking of a deposition. In these cases, the Supreme Court has said that it extended what may be termed `special dispensation.' The rule of the cases has been broadly stated as follows: If a preliminary or interlocutory order in a law case is made in statutory proceedings incidental to the case which do not conform to the essential requirements of the law, and if such an order may reasonably cause serious injury to the complaining party throughout all subsequent proceedings, in violation of his civil rights, and the law affords no other adequate remedy, certiorari lies for a review of the order."
I feel that this test has been met in the case at bar: The lower court's order does not conform to the essential requirements of law (as will be seen hereinafter); the order certainly may cause petitioner injury; and he has no other adequate remedy to review the order. If petitioner must await a final decree before challenging the order, he will be at an unfair advantage. His burden of showing error will be much heavier on appeal than at this time.
For further case law on this subject, see Southern Standard Life Insurance Co. v. Holloman, Fla.App. 1963, 149 So.2d 887; Winn-Dixie Stores, Inc. v. Belcher, Fla. App. 1962, 144 So.2d 863; Collier v. McKesson, Fla.App. 1960, 121 So.2d 673; City of Sarasota v. Colbert, Fla.App. 1957, 97 So.2d 872; Seaboard Air Line R. Co. v. Timmons, Fla. 1952, 61 So.2d 426; Atlantic Coast Line R. Co. v. Allen, Fla. 1949, 40 So.2d 115; and finally, the landmark case in this area, Kilgore v. Bird, 1942, 149 Fla. 570, 6 So.2d 541.
Moving now to the propriety of the interrogatories themselves, it is seen that the pertinent portions of Rule 1.21 of the Florida Rules of Civil Procedure provide:
"(b) Scope of Examination. Unless otherwise ordered by the court as provided herein, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved * * * and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."
Insofar as the objections are concerned, they are primarily based upon the allegations that the interrogatories are not relevant, are too broad, and are privileged.
Insofar as privilege is concerned, it must be remembered that this respondent is suing on a tort claim. None of these questions therefore run into the bar of privilege at all. Each and every question either asks for information directly relevant to her claim or else the answer to the question would lead the questioner to something or somebody that could give relevant information. Savino v. Luciano, Fla. 1957, 92 So.2d 817; 35 Fla.Jur., Witnesses, Sec. 130.
The case of Charles Sales Corp. v. Rovenger, Fla. 1956, 88 So.2d 551, is a good example of the extent to which interrogatories may go. In that case the interrogatories were not answered because the Supreme Court held that the trial court *752 would first have to determine whether the appellant was entitled to an accounting before permitting discovery as to damages. But, insofar as the interrogatories were concerned, the court, speaking through Mr. Justice Hobson, said:
"Plaintiff contends, however, that he must prove, among other things, the complicated nature of the account, to remain in equity, and that the interrogatories are directed to this end. But a review of the interrogatories reveals that they are directed to actual money amounts, not to the nature of the contracts or the number of sales or character of the records kept. The complicated nature of the accounts may be subjected to discovery and proved without seeking compilations of figures which anticipate the accounting and which will be useless if the plaintiff cannot prevail upon the preliminary issue. * * *"
Both the petitioner and the respondent have cited cases dealing with the procedural aspects, as well as the merits of the questions here involved, such cases being: Suez Company v. Hodgins, Fla. App. 1962, 137 So.2d 231; Welsh v. Tropical Roofing Co., Fla.App. 1961, 127 So.2d 894; Longo v. Collins, Fla.App. 1958, 106 So.2d 1; and Boucher v. Pure Oil Co., Fla.App. 1957, 101 So.2d 408. But these cases do not cover the exact point which we have here, except for the Boucher case, which contains expressions of the law which we have to apply herein. In the Boucher case it was a question of whether the interrogatories propounded required answers of facts or of opinion. Judge Wigginton, in his opinion, had this to say:
"* * * Such restriction is persuasive evidence of an intent to permit discovery only of facts as opposed to law or opinion."
In the interrogatories propounded in the instant case, the answers to be given are unquestionably as to factual matters, and not opinion.
And it is with some interest that I note that the interrogatories filed herein are set out almost verbatim in Florida Civil Practice Before Trial, Depositions and Discovery, Sec. 16.26, a definitive text published by the Committee on Continuing Legal Education of The Florida Bar.
For the foregoing reasons I respectfully dissent, and would grant the writ and quash the order of the lower court.
NOTES
[1] For example, upon the subjects of injuries, doctors, hospitals, and health matters alone, aside from the many other questions upon various subjects which were allowed, the following, in their material substance, were allowed:

10. Describe any and all accidents and/or personal injuries you suffered before and since the happening of the accident alleged in the complaint whereby you now suffer any incapacity or ill effects, and as to each state: names and addresses of the others involved; date, time, place it occurred; all injuries you sustained; names, addresses, and specialty of the treating and consulting physicians; period of disability, names and addresses of the hospitals or place of confinement.
11. Describe any and all infirmities and disabilities that you had before the accident alleged, other than those caused by accident related in number 10.
12. State the names and addresses of all doctors and the specialty of each in addition to those listed above seen or consulted during the 5 years preceding the accident alleged; nature of the ailment or illness, or other reason; approximate dates; whether ever treated by a psychiatrist or ever a patient in a mental institution or one in connection with mental disorders and if so when, name and address of institution, attending physician.
17. List any permanent scars, disfigurements, or disabilities growing out of the accident alleged.
18. Give exact nature of all other present physical complaints which you allege are attributable to injuries received in alleged accident.
19. If you have been confined to bed at your home by reason of the accident alleged, state exact dates.
20. If you have been hospitalized by reason of accident alleged or treated or examined at any clinic or other medical institution as a result of it, itemize bills incurred by you or on your behalf at each.
21. Give full name and address of each and every doctor, nurse, or other medical person who has attended or examined you as a result of the accident alleged and the bills incurred by you or on your behalf, sums of money paid or owing to each.
23. Itemize all items of expense and loss which were incurred by you or on your behalf as a result of the accident alleged in the complaint, for which you ask compensation in this case.
26. State name and address of persons other than those named by you in the above who are believed or known by you or your attorneys to have any personal knowledge concerning the happening of the accident alleged and those who are believed or known to have personal knowledge of your injuries or medical condition.
The following upon like subjects were disallowed:
15. Give names and addresses of all hospitals, in addition to those listed above, where you have been either an inpatient or outpatient during your entire life, with date of admission or discharge, nature of ailment or illness, nature of operations performed, name and address of attending physician and operating surgeon.
16. What injuries did you receive in the accident alleged? Has any doctor ever advised you or your attorneys that you received an injury or injuries which are from this accident and which are permanent? If so, give their names and addresses and specialties and describe the injury related as being permanent.
24. Will it be necessary for you to have any further future medical treatment by reason of the accident alleged in the complaint? If so, state what future medical treatment.
The great majority of the questions submitted were allowed; they covered many details relating to a variety of topics, including but not confined to such additional matters as identification questions asking respondent's full name, age, place of birth, residence and business addresses, whether ever used or known by another name, how long lived at present address; respondent's employment, training, specialization, income and income tax details, bills, expenses, and losses of any sort incurred as claimed result of accident alleged, itinerary prior to accident, stops made and any alcohol consumed, possession or knowledge of any photographs of accident, persons, or vehicles involved. One interrogatory which was allowed nevertheless had one of the subsections deleted. This inquired into the height, weight, color of hair and eyes of the respondent. Certain other queries disallowed sought to probe into the matter of respondent's former addresses, her present and past spouses, if any, and divorces, if any; also respondent's recollection of the accident and whether she had ever been convicted of a crime.