LILES, Judge.
Petitioner, defendant below, filed its petition for writ of certiorari seeking review of a lower court order overruling petitioner’s objections to Requests for Admissions submitted by respondent.
Respondent brought an action against petitioner insurance company alleging that he was a judgment creditor of one George L. Mims. The complaint alleged that petitioner was under a duty to pay the amount of the judgment pursuant to a contract of insurance between petitioner and Mims. Respondent then filed and served upon petitioner thirty-seven Requests for Admissions pursuant to Rule 1.30, Fla.R.Civ.P., 30 F.S. A. Petitioner filed timely objection to these requests on the grounds that they were “ * * * irrelevant and immaterial and improper in whole in that the said request for admissions covers the whole field of evidence and seeks to elicit admissions going to the heart of the entire case.” The trial court overruled the objection, and petitioner sought writ of certiorari from this Court.
Certiorari is a discretionary writ issued only where the trial court acts without or in excess of jurisdiction or where the interlocutory order does not conform to the essential requirements of law and may reasonably cause material injury throughout subsequent proceedings for which the remedy by appeal will be inadequate. Kauffman v. King, Fla. 1956, 89 So.2d 24; Leithauser v. Harrison, Fla.App.1964, 168 So.2d 95. In Girten v. Bouvier, Fla.App.1963, 155 So.2d 745, this court stated, at page 748:
“ * * * It is thus seen that power to review an intermediate order does not comprehend errors by the trial court in the making of rulings on the pleadings * * * nor as to the law applicable to the facts; neither will an appellate court review alleged errors in admitting or rejecting evidence or in making of rulings on other matters of procedure, even though the error might be reversible on appeal. Nonfundamental errors of judgment or of procedure cannot, therefore, become the subject of a proceeding such as this.”
We cannot agree with petitioner that the instant case comes within the category of fundamental error and the trial court’s order will cause petitioner material injury. Under the rule, petitioner may qualify or otherwise explain its answers; and in view of this fact, we fail to see how petitioner will be materially injured by being required to respond to the requests.
The petition for writ of certiorari is denied without prejudice to petitioner’s raising the issue upon appeal from final judgment.
ALLEN, C. J., and DOWNEY, JAMES-C., Associate Judge, concur.