ON PETITION FOR REHEARING
PER CURIAM.
By their petition for rehearing the petitioners herein have urged reconsideration of our decision denying the writ of certio-rari on the ground that it is in conflict with the decision rendered by the Second District Court of Appeal in City of Dania v. Central & So. Florida Flood Control District.[1]
*21 In our opinion filed herein we acknowledged that there was certain language in the City of Dania case which might be construed to he contrary to the conclusion which we have reached in the case sub judice. It must be borne in mind, however, that certiorari is a prerogative writ which is granted or withheld in the exercise of a sound judicial discretion. It is our view that extreme caution should be exercised in determining whether the writ should issue when its purpose is to seek review of an interlocutory order entered in an action at law, the effect of which will be to stay further proceedings in the trial court until the certiorari proceedings have been finally concluded in the reviewing court. We are committed to the proposition that under these circumstances the writ should never issue where the petitioning party will have a full, complete and adequate remedy by appeal after final judgment, as was found to be the situation in the case now before us.
We are inclined to adhere to the philosophy expressed by this court in Board of Commissioners of State Institutions v. Tallahassee Bank & Trust Company[2] where, in denying an application for a constitutional stay writ pending review of an interlocutory order entered in an eminent domain proceeding, we said:
“ * * * In the orderly process for the administration of justice appellate courts should cautiously avoid intrusion and encroachment upon the trial jurisdiction of the circuit court. It is not the function of an appellate court to inject itself into the middle of a lawsuit and undertake to direct the trial judge in the conduct of the case.”
For the reasons herein stated, the petition for rehearing is denied.
WIGGINTON, Acting Chief Judge, JOHNSON and SACK, JJ., concur.

. City of Dania v. Central & So. Florida Flood Control District (Fla.App.1961), 134 So.2d 848.

. Board of Commissioners of State Institutions v. Tallahassee Bank & Trust Company (Fla.App.1958), 101 So.2d 411, 412.