201 So.2d 250 (1967)
GULF CITIES GAS CORPORATION, a Corporation, Petitioner,
v.
Richard Leonard CIHAK and Judith Ann Cihak, Respondents.
No. 7344.
District Court of Appeal of Florida. Second District.
July 12, 1967.
*251 John T. Allen, Jr., of Mann, Harrison, Mann & Rowe, St. Petersburg, for petitioner.
Robert Orseck, of Podhurst & Orseck, and Nichols, Gaither, Beckham, Colson, Spence & Hicks, Miami, for respondents.
SHANNON, Acting Chief Judge.
On or about November 4, 1965, Plaintiffs-Respondents Richard Leonard Cihak and Judith Ann Cihak filed their complaint, sounding in tort, in the Circuit Court for Hillsborough County, Florida. The complaint alleged that plaintiffs received personal injuries as a result of an automobile accident on February 8, 1963, when a car, driven by one Thomas Spears as agent of Defendant-Petitioner Gulf Cities Gas Corporation, was negligently caused to collide with a vehicle in which plaintiffs were riding.
Defendant filed its answer and defenses on February 16, 1966, denying plaintiffs' allegations of negligence, pleading contributory negligence, and asserting the defense that one Dennis Huibregtse operated another motor vehicle in such a careless and negligent manner that his (Dennis Huibregtse) negligence solely caused the accident and the damages claimed by plaintiffs.
On August 8, 1966, almost six months after the filing of the answer, defendant filed a motion, pursuant to Rule 1.41, Fla. R.Civ.P., 30 F.S.A., for leave as third party plaintiff to serve a third party complaint upon Dennis Huibregtse on the ground that Dennis Huibregtse was liable for all or part of plaintiffs' claim against defendant.
On August 15, 1966, plaintiffs filed objections to defendant's motion for leave to serve a third party complaint, stating: that under no circumstances could a proper third party complaint be filed; that the fact that the third party "may be liable to the plaintiffs directly" is not grounds for allowing a third party complaint; and that the motion was taken for the purpose of delay.
On August 19, 1966, a hearing was held on defendant's motion to join third party defendant, at which time the court denied defendant's motion. Subsequently the defendant filed petition for writ of certiorari.
The first question for our determination here is whether certiorari is the proper remedy. Certiorari is a discretionary writ issued only where the trial court acts without or in excess of jurisdiction, or where an interlocutory order does not conform to the essential requirements of law and may reasonably cause material injury that cannot be corrected by the remedy of appeal. When the alleged error is procedural, as in this case, the petitioner must demonstrate that the error is fundamental error. Nonfundamental errors of procedure cannot be the subject of a proceeding for writ of certiorari even though the error might be reversible on appeal. American Employers' Insurance Company v. Evanoff, Fla. *252 App. 1966, 181 So.2d 695; and Girten v. Bouvier, Fla.App. 1963, 155 So.2d 745.
We do not feel that the error alleged here is fundamental error or that the trial court's order will cause petitioner material injury. It should be noted that petitioner has an adequate remedy of appeal. However, it is questionable if the trial court's order is in error since Florida does not allow contribution among joint tortfeasors and it is doubtful if a party could get around this rule by the use of third party practice. But a determination of this question must be left for appeal, since the alleged error is not fundamental error.
The petition for writ of certiorari is denied without prejudice to petitioner's raising the issue upon appeal from final judgment.
PIERCE and HOBSON, JJ., concur.