721 So.2d 428 (1998)
Mary Jane DOE, as guardian on Behalf of Jane DOE, a minor, Petitioner,
v.
ARCHDIOCESE OF THE CATHOLIC CHURCH OF MIAMI, Michelle Dolyk, individually, and as principal of St. Francis Xavier School, Jack Lau, individually, and as pastor of St. Francis Xavier School, Respondents.
No. 98-2462.
District Court of Appeal of Florida, Third District.
December 2, 1998.
Ferrero Buschel Carter & Schwartzreich and Robert C. Buschel and Raymond G. Ferrero, III, Ft. Lauderdale, for Petitioner.
Gilbride, Heller & Brown, and James F. Gilbride and Dyanne E. Feinberg and Alan L. Quiles, Miami; J. Patrick Fitzgerald, for Respondents.
Before NESBITT, GREEN and FLETCHER, JJ.
NESBITT, J.
Mary Jane Doe, as guardian on behalf of Jane Doe, a minor, brought suit against the Archdiocese of the Catholic *429 Church of Miami as well as Jane Doe's school principal and pastor, claiming the girl was forced to reveal her HIV status to her Archdiocese high school classmates causing emotional distress and violating her rights of privacy. When petitioner sought to depose Archdiocese employee Mary Ross Agosta, who had disseminated information on the situation to the media, the Archdiocese objected asserting attorney client privilege and work product privilege. The trial court granted the Archdiocese's motion. In her petition for certiorari review, petitioner argues that she needs Agosta's testimony and that no privilege applies. We deny the petition sought.
In cases involving pretrial evidentiary rulings, the writ is reserved for those situations where there has been a violation of a clearly established principle of law resulting in a miscarriage of justice. See Hotelerama Asso., Ltd. v. Travelers Indem. Co., 687 So.2d 74 (Fla. 3d DCA 1997); Riano v. Heritage Corp., 665 So.2d 1142 (Fla. 3d DCA 1996); Combs v. State, 436 So.2d 93, 96 (Fla. 1983). Furthermore, the petitioner must show that the order challenged would cause a material injury that could not be remedied on appeal from final judgment. See Combs, 436 So.2d at 96.
The Archdiocese argues that while orders granting discovery are reviewable by certiorari, orders denying discovery are not subject to certiorari review. See Industrial Tractor Co. v. Bartlett, 454 So.2d 1067 (Fla. 5th DCA 1984). However in Young, Stern & Tannenbaum, P.A. v. Smith, 416 So.2d 4 (Fla. 3d DCA 1982), we held that certiorari review of a protective order was appropriate, where the order would cause material injury throughout proceedings. Thus, the matter cannot be resolved on this basis.
Both sides rely on Southern Bell Telephone v. Deason, 632 So.2d 1377, 1383 (Fla. 1994) to support their position. It is the application of the instant facts to the Bell criteria, specifically number (5), that they dispute. As stated in Bell:
Combining the tests established in Harper & Row and in Diversified Industries, Inc. v. Meredith, 572 F.2d 596 (8th Cir. 1977), we set forth the following criteria to judge whether a corporation's communications are protected by the attorney-client privilege:
(1) the communication would not have been made but for the contemplation of legal services;
(2) the employee making the communication did so at the direction of his or her corporate superior;
(3) the superior made the request of the employee as part of the corporation's effort to secure legal advice or services;
(4) the content of the communication relates to the legal services being rendered, and the subject matter of the communication is within the scope of the employee's duties;
(5) the communication is not disseminated beyond those persons who, because of the corporate structure, need to know its contents.
The key here and the reason upon which petitioner argues no privilege exists is the fact that Agosta gave information to the media, thus, according to petitioner, breaking any cloak of privilege. Furthermore, petitioner asserts, from the time the information was gathered, its purpose was for communication to the media, thus no privilege ever applied to it.
The Archdiocese maintains that the information was gathered at the instruction of counsel in preparation for litigation. Therefore, it meets the criteria as stated in Bell for the corporation's communications to be considered protected by the attorney-client privilege.
Here, we cannot conclude the court's decision amounted to a violation of a clearly established principle of law resulting in a miscarriage of justice. The trial court may have concluded as a factual matter that the material at issue was gathered in preparation for litigation and that the limited statements by Agosta did not waive the privilege.
Furthermore, on the record before us, we cannot see the material harm which makes review at this time imperative. As the Archdiocese argues, Doe's counsel can simply get the information directly from Archdiocese *430 employees as did Agosta.[1]See Riano v. Heritage Corp., 665 So.2d at 1142.
In limited cases discovery may be had of material otherwise protected by work product privilege. See Miami Transit Co. v. Hurns, 46 So.2d 390 (Fla.1950). Petitioner argues only the unsupported proposition that the sole way that she can impeach earlier statements by the Archdiocese is through Agosta's testimony. However, she has offered no facts or details substantiating her claim that the desired testimony will never be known, absent the immediate relief sought in this court.[2] For this court to accept petitioner's argument is to presume the Archdiocese or some of it's employees may fabricate or prevaricate. This we will not do.
"Certiorari is not designed to serve as a writ of expediency and should not be granted merely to relieve the petitioners seeking the writ from the expense and inconvenience of a trial." Whiteside v. Johnson, 351 So.2d 759, 760 (Fla. 2d DCA 1977). See also Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987) (Litigation of a non-issue and inconvenience and expense of same not the type of harm sufficient to permit certiorari review.)
"[I]t is not the function of an appellate court to inject itself into the middle of a lawsuit and undertake to direct the trial judge in the conduct of the case." Girten v. Bouvier, 155 So.2d 745, 748 (Fla. 2d DCA 1963) citing Board of Comm'rs of State Inst. v. Tallahassee Bank & Trust Co., 101 So.2d 411 (Fla. 1st DCA 1958).
Accordingly, the petition for certiorari is denied without prejudice to the petitioner raising the point on appeal from an adverse judgment.
NOTES
[1] See Wal-Mart Stores v. Weeks, 696 So.2d 855 (Fla. 2d DCA 1997) (concluding that while substance of statements taken by or given to store's agents concerning subject accident were nondiscoverable work product, the trial court correctly held that company could be compelled to provide the names and addresses of individuals who furnished statements in anticipation of litigation.) See also Cunningham v. Anchor Hocking Corp., 558 So.2d 93, 100 (Fla. 1st DCA 1990).
[2] In Miami Transit, 46 So.2d at 391, the Supreme Court observed:

We do not hold that circumstances might not arise under which data and material secured by adversary counsel in the manner shown would under all circumstances be withheld from opposing counsel in response to petition for discovery. In Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, the Supreme Court pointed out instances in which it might be secured, such as (1) when witnesses are not longer available or can be reached only by great difficulty, (2) if it gives clues to relevant facts that cannot be secured otherwise, or (3) for purposes of impeachment.
However Miami Transit goes on to conclude that no such showing had revealed and "certainly no rule of discovery was ever purposed to invade or secure insight into what an attorney had secured in preparation for the trial of his cause." Id.