768 So.2d 1125 (2000)
TOMKINS INDUSTRIES, INC., Petitioner,
v.
WARREN TECHNOLOGY, INC., f/k/a Warren Manufacturing Co., Inc., Respondent.
No. 3D00-1774.
District Court of Appeal of Florida, Third District.
August 16, 2000.
Rehearing Denied October 18, 2000.
McDermott, Will & Emery, and Steven E. Siff, Miami, for petitioner.
Krupnick Campbell Malone Roselli Buser Slama & Hancock, and Walter G. Campbell, Fort Lauderdale; Curtis & Curtis, and Edward R. Curtis, Fort Lauderdale, for respondent.
Before COPE, GODERICH and SHEVIN, JJ.
SHEVIN, Judge.
Tomkins Industries, Inc., seeks a writ of certiorari to quash a trial court order granting plaintiff, Warren Technology, Inc.'s challenge to a special master's report. We grant certiorari and quash the order.
At issue in this case is whether a draft of a proposed letter from Tomkins to Warren that Tomkins forwarded to its corporate counsel for suggestions and advice is protected by attorney-client privilege. The draft contained handwritten notations by Tomkins to counsel and from counsel to Tomkins. We hold that the communication in this case satisfies the test enunciated *1126 in Southern Bell Tel. & Tel. v. Deason, 632 So.2d 1377 (Fla.1994), for determining whether a communication between corporate employees and corporate counsel is protected by the attorney-client privilege.
The record demonstrates that this draft was forwarded to counsel for legal advice in view of the contentious relationship with Warren and Tomkins's anticipation of litigation with Warren. As such, the corporate counsel was rendering legal advice not business advice. Moreover, we are unpersuaded by Warren's assertions that the crime or fraud exception nullifies any possible privilege Tomkins is claiming. Warren has failed to produce evidence sufficient to support its theory of fraud. See American Tobacco Co. v. State, 697 So.2d 1249 (Fla. 4th DCA 1997). We have not arrived at a stage in our criminal jurisprudence where being obnoxious or obstreperous rises to the level of criminal or fraudulent behavior.
Because the order in this case creates a situation "where there has been a violation of a clearly established principle of law resulting in a miscarriage of justice," Doe v. Archdiocese of Catholic Church of Miami, 721 So.2d 428, 429 (Fla. 3d DCA 1998), we grant the writ, quash the order and remand with instructions that the special master's report be adopted.
Certiorari granted.