859 So.2d 1270 (2003)
UNITED SERVICES AUTOMOBILE ASSOCIATION, a Reciprocal Interinsurance Exchange (USAA), Petitioner,
v.
Mark S. ROTH and Marilyn Roth, Respondents.
No. 4D03-2483.
District Court of Appeal of Florida, Fourth District.
November 26, 2003.
Robert C. Gobelman and Kristy J. Gavin of Gobelman, Love, Gavin, Blazs & Mathis, Jacksonville, for petitioner.
Robert F. Shapiro of Sperry, Shapiro & Kashi, P.A., Plantation, for respondents.
PER CURIAM.
In the midst of insurance coverage litigation, United Services Automobile Association [USAA] filed a petition for writ of common law certiorari. The petition challenges a trial court order, which overruled *1271 USAA's objection to production of documents based on attorney-client privilege and compelled production.[1] We find the order deviated from the essential requirements of the law, grant the petition, and quash the order.
USAA is the plaintiff/counter-defendant in a declaratory judgment action concerning the amount of coverage available under a personal umbrella policy. Although other coverage issues have been litigated concerning this policy, the current issue involves the effect of the "limit of liability" clause. See United Servs. Auto Ass'n v. Roth, 744 So.2d 1227 (Fla. 4th DCA 1999) (discussing stacking of coverages).
The Roths served interrogatories on USAA asking for the name of the court, case number, and lawyers involved in unrelated litigation known as "Stoukey" or "Stouky" v. USAA. That case is mentioned on USAA's Florida Coverage Comparison document as the reason for the change in the "limit of liability" policy language. The Roths also sought production of documents, which included communications between outside Florida legal counsel for USAA and the carrier. These communications involved legal opinions on coverage.
USAA objected to the discovery and the Roths moved to compel better answers to interrogatories and better responses to the request to produce. After hearing argument, the trial court directed USAA to provide the documents for an in camera inspection. Following that inspection, the trial court ordered production of the documents. It is from this order that USAA has petitioned this court.
A petition for writ of certiorari is the proper means for review of court orders compelling production of discovery claimed to be privileged. Snyder v. Value Rent-A-Car, 736 So.2d 780 (Fla. 4th DCA 1999). Our review of the claim of attorney-client privilege is de novo.
We have reviewed the documents in question and find that they are protected by the attorney-client privilege under section 90.502, Florida Statutes (2002). That privilege covers communications on legal matters between counsel and client. Any communication to which the privilege attaches is absolutely immune from disclosure. Kujawa v. Manhattan Nat'l Life Ins. Co., 541 So.2d 1168 (Fla.1989). The trial court deviated from the essential requirements of the law when it ordered USAA to produce these documents. Id.
We therefore grant the petition, issue the writ, and quash the order to the extent it required production of the documents.
KLEIN, STEVENSON and MAY, JJ., concur.
NOTES
[1] The order also compels better answers to interrogatories, but this ruling has not been challenged in the petition.