900 So.2d 720 (2005)
FLORIDA MARLINS BASEBALL CLUB, LLC, Petitioner,
v.
CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. 893/HC/97/9096, Respondent.
No. 3D04-2505.
District Court of Appeal of Florida, Third District.
April 27, 2005.
Ruden, McClosky, Smith, Schuster & Russell and John H. Pelzer, Fort Lauderdale, and Brigid F. Cech, for petitioner.
Wicker, Smith, O'Hara, McCoy, Graham & Ford and Shelley H. Leinicke, Fort Lauderdale, and Frederick Hasty, III, Miami; Joel S. Perwin, Miami, for respondent.
Before GREEN, RAMIREZ, and SUAREZ, JJ.
RAMIREZ, J.
Petitioner Florida Marlins Baseball Club, LLC, seeks a writ of certiorari to quash an order that directed it to produce *721 documents in its breach of contract and declaratory judgment action filed against its insurer, respondent Certain Underwriters at Lloyd's London, to recover policy proceeds. We grant the petition and quash the order under review concluding that the documents fell within the scope of attorney-client privilege.
Following the in camera inspection of the relevant documents that the trial court ordered, the court found that the documents fell outside of the scope of the attorney-client privilege because the documents involved communications with attorney Michael Whittle in a capacity other than as the Marlins' attorney. At the time during which Whittle created the documents, he was not a member of the Florida Bar or an authorized house counsel of the Marlins. The Marlins, however, employed Whittle as Director of Administration and in-house counsel during different periods of his tenure.
For purposes of the attorney-client privilege, Whittle is an attorney pursuant to section 90-502(1)(a), Florida Statutes (2004), as he is a licensed attorney in the state of Missouri. Furthermore, the attorney-client privilege protects communications on legal matters between corporate in-house counsel and corporate employees. See Tomkins Indus., Inc. v. Warren Tech., Inc., 768 So.2d 1125, 1126 (Fla. 3d DCA 2000) (holding that a communication between corporate counsel and corporate employees is protected if the communication concerns legal advice in view of a contentious relationship and in anticipation of litigation).
Our review of the claim of attorney-client privilege is de novo. See United Servs. Auto. Ass'n v. Roth, 859 So.2d 1270, 1271 (Fla. 4th DCA 2003). We have reviewed the documents in question and find that they are protected by the attorney-client privilege.
Our independent review of the documents leads us to the conclusion that Whittle was rendering legal advice not business advice in relation to insurance issues. The relevant documents all contain comments on legal matters from Whittle to employees of the Marlins. The documents are thus privileged. See Southern Bell Tel. and Tel. Co. v. Deason, 632 So.2d 1377, 1383 (Fla.1994). The trial court deviated from the essential requirements of the law when it ordered the Marlins to produce these documents.
Petition granted and order quashed.