## SILVER v. GEO. E. KEITH CO.

Civ. A. No. 52–1237.

United States District Court
D. Massachusetts.

April 22, 1953.

I. M. Libman, Bernard Kaplan, Libman, Kaplan & Packer, Boston, Mass., for plaintiff.

John N. Worcester, Edward H. Bennett, Jr., Sullivan & Worcester, Boston, Mass., for defendant.

FORD, District Judge.

Plaintiff brings this motion for further answers to certain of his interrogatories to which answers have already been made by the president of defendant corporation. The action is one for breach of contract. The contract allegedly was a written one executed on behalf of defendant corporation by its vice president, Jean R. Keith. Defendant's answer denies his authority to make such a contract on its behalf.

The interrogatories involved in this motion were all directed to the issue of the authority of the vice president. In substance, the president has answered all of these by setting forth the provisions of the corporation by-laws which specify the authority of the officers. The further answer which plaintiff appears to want is a statement by the president as to whether the vice president did or did not have authority to execute the specific contract in question.

In effect this would require the president to state his opinion as to the legal effect of the provisions of the by-laws in the present instance. Plaintiff is, of course, entitled to all the facts known to defendant which are relevant to the question of the authority of its officer. But plaintiff does not suggest here that defendant's president, in answering the interrogatories, has not stated all the facts known to him. What he seeks is to compel the stating of the legal conclusion to be drawn from those facts. To that he is not entitled. 4 Moore's Federal Practice, § 33.17; Landry v. O'Hara Vessels, Inc., D.C., 29 F.Supp. 423, 424; Caggiano v. Socony Vacuum Oil Co., Inc., D.C., 27 F.Supp. 240.

The motion for further answers is denied.