86 So.2d 425 (1956)
Claude DUPREE, Petitioner,
v.
BETTER WAY, Inc., a Florida corporation; William Lackey; Raymond Malschick and Phil Seldin, d/b/a Raphil's, also known as Raphil's Delicacy Shop; and Amos Charles Roundtree, Respondents.
Supreme Court of Florida. Division B.
March 28, 1956.
Kelner & Lewis, Miami Beach, for petitioner.
Ross & Reinhardt, Miami, for Better Way, Inc., and William Lackey. Wicker & Smith and Harry G. Hinckley, Jr., Miami, for Raphil's Delicacy Shop and Amos Charles Roundtree.
ROBERTS, Justice.
We here review, on common-law certiorari, an order of the lower court requiring the petitioner, plaintiff below, to answer the following interrogatory directed to him by respondents, defendants below, in the course of a negligence suit instituted by petitioner against respondents:
"Please set forth the names and addresses of any other persons believed by you or known by you or your attorney to have knowledge concerning the facts pertaining to the within accident."
The petitioner's answer to this interrogatory was as follows:
"8. Mike (last name not known to me) who works at George's News, 1720 Alton Road, Miami Beach, Florida; *426 policeman at the scene of the accident whose name I do not know. I do not know what persons with knowledge of this accident are known to my attorneys."
The trial judge then entered the order here reviewed, directing the petitioner to "obtain from his attorneys, and his attorneys are directed to give to him, the names and addresses of all persons known to his attorneys who have any knowledge concerning the facts pertaining to the within accident, and the Plaintiff is directed to furnish said names and addresses in his answer to Interrogatory No. 8."
The petitioner here contends that the information requested is both privileged and the work product of his attorneys, and that the lower court erred in requiring his attorneys to disclose it. This contention cannot be sustained.
The rule that an attorney cannot be compelled to divulge any communication made to him by his client without the consent of the client "does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation." Hickman v. Taylor, 1946, 329 U.S. 495, 508, 67 S.Ct. 385, 392, 91 L.Ed. 451. Nor can the information be withheld on the ground that it is the "work product" of the attorney. Under Rule 1.27 of the Florida Rules of Civil Procedure, F.S.A., a party may be interrogated as to "any matters which can be inquired into under Rule 1.21(b)"; and under Rule 1.21(b) "any person, including a party," may be examined "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, * * * including * * * the identity and location of persons having knowledge of relevant facts." The interrogatory here in question is well within the "Scope of Examination" permitted by Rule 1.21(b), supra, and the petitioner's attorney could not have refused to comply with the rule, had the information been sought by proceeding under Rule 1.21 to take the deposition of petitioner's attorneys.
No error having been made to appear, certiorari should be and it is hereby
Denied.
DREW, C.J., and THOMAS and O'CONNELL, JJ., concur.