101 So.2d 408 (1957)
Hazel Lee BOUCHER, a widow, Petitioner,
v.
The PURE OIL COMPANY, etc., et al., Respondents.
No. A-154.
District Court of Appeal of Florida. First District.
December 31, 1957.
Rehearing Denied January 20, 1958.
*409 Melvin Orfinger and Wesley A. Fink, Daytona Beach, for petitioner.
Alfred A. Green, Daytona Beach, for respondents.
WIGGINTON, Judge.
Petitioner is here seeking a writ of certiorari to review an interlocutory order entered in an action at law by the Circuit Court of Volusia County.
As plaintiff in the trial court, petitioner seeks damages for injuries to her person and property resulting from a fire allegedly caused through negligence of the defendant-respondent. The complaint, in two counts, charges defendant with negligent installation and maintenance of gasoline storage tanks located on plaintiff's property, but owned and maintained by defendant; and with negligence in filling these tanks.
Defendant, by way of discovery, propounded the following written interrogatories to the plaintiff:
"49. Do you or your attorney know of any statute, ordinance, rule, regulation or other written matter or thing that limited, regulated or controlled the manner in which the gasoline storage tank mentioned in the complaint should have been fitted, installed, equipped and maintained prior to the fire?
"50. If your answer to the preceding interrogatory is in the affirmative describe each thereof.
"51. Do you or your attorney know of any statute, ordinance, rule, regulation or other written matter or thing that limited, regulated or controlled the manner in which gasoline and other petroleum products should have been delivered by a transport truck to a storage tank at Sleepy Hollow Truck Stop mentioned in the complaint on April 5, 1955?
"52. If your answer to defendants' additional substituted interrogatory numbered 51 is in the affirmative, describe each thereof."
Over plaintiff's objection, the trial court entered an order requiring that answer be made. In compliance with this order plaintiff answered as follows:
"49. I personally am not familiar with the law and would not be familiar with statutes, etc. If there are any statutes, ordinances, rules or regulations involved, my attorney would know what they are. The Pure Oil Company, being in the business of installing and maintaining such tanks and delivering gasoline would certainly be familiar with any such statutes, etc.
"50. I do not know.
"51. I must answer this the same as No. 49.
"52. I do not know."
The defendant, being dissatisfied with the answers given, moved the court for an *410 order requiring plaintiff to make a better answer. On hearing the court entered its order requiring plaintiff to make better answers, it being the opinion of the court that an opposing party is entitled to know any statute, ordinance, rule or other written matter relating to the claim or the defense whether within the knowledge of the party interrogated or his attorney. It is to review the correctness of this order that a writ of certiorari is sought.
We are at once confronted with the propriety of reviewing by certiorari an interlocutory order in an action at law. Our Supreme Court, in recently considering this proposition, expressed the rule thusly: "This court will review an interlocutory order in law only under exceptional circumstances. Where it clearly appears that there is no full, adequate and complete remedy by appeal after final judgment available to the petitioner, this court will consider granting the writ, as where the lower court acts without and in excess of its jurisdiction, or the order does not conform to essential requirements of law and may cause material injury throughout subsequent proceedings for which the remedy by appeal will be inadequate."[1] Considering this case in light of the foregoing rule we are of the view that the circumstances are such as to justify our review of the questioned order. If plaintiff is wrongfully required to answer defendant's interrogatories, she is beyond relief. We conceive no means by which on appeal this court could extract such knowledge, once gained, from the mind of the defendant, for truly `the moving finger having writ moves on nor any appeal shall lure it back to cancel half a line.'
The interrogatories to which plaintiff objected were propounded under 30 F.S.A. Rule 1.27, 1954 Florida Rules of Civil Procedure, and as such may relate to any matters which may be inquired into by way of deposition under Rule 1.21(b) thereof. Under the latter rule the scope of examination is limited to "* * * any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party, or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts."
Clearly, we are here dealing with matter which is not the subject of any privilege. Thus, the sole issue involves the question of whether the information sought to be discovered comes within the scope of "any matter * * * which is relevant to the subject matter involved in the pending action * * *" And, the solution turns upon the intended meaning of the term "any matter" as used in the rule.
Black[2] defines "matter" as "substantial facts forming [the] basis of claim or defense; facts material to issue * * *" as distinguished from law or opinion. In an interpretation of Rule 26, Federal Rules of Civil Procedure, 28 U.S.C.A., from which the Florida rule was virtually copied in toto, the United States Supreme Court[3] expressed the view that although promulgated in the belief that "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation * * * [and] * * * either party may compel the other to disgorge whatever facts he has in his possession * * *", that to allow unwarranted search into the mental impressions formed *411 by counsel for an opposing party would pervert the purpose of the discovery rules. Recognizing that our rules were adopted from the federal rules and obviously intended to accomplish like results, it is evident that the "matter" referred to does not contemplate unwarranted inquiries into the mental processes of counsel regarding his opinion or conclusions as to the law and theory applicable to his case. Such information is merely counsel's impression and legal opinion and does not constitute facts germane to the cause upon which the issues are drawn between the parties.
Respondent can gain no comfort from the argument that Rule 1.21(b) permits discovery of the identity and location of persons.[4] To the contrary, this right is expressly restricted to those persons "* * * having knowledge of relevant facts." Such restriction is persuasive evidence of an intent to permit discovery only of facts as opposed to law or opinion. The rules were not intended as a means by which one party could make unrestricted use of the work product and preparation of his opponent.[5] And, in the absence of a clear showing that knowledge of an opposing party's work product is essential to the justice of the case, and that the refusal thereof would unduly prejudice the requesting party, or some equally good cause, we are not inclined to extend the rule to such an extreme. There is no indication that the information which is sought in the instant case is not equally and independently available to both parties.
Accordingly, we hold that absent compelling reasons therefor, the rules of discovery cannot be made the vehicle through which counsel for a litigant may be required to divulge the work product resulting from his labors and ingenuity in the preparation of his case.
The writ is hereby granted and the order rendered in this cause by the Circuit Court of Volusia County and dated September 5, 1957, be and the same is hereby quashed and held for naught.
STURGIS, C.J., and O'CONNELL, STEPHEN C., A.J., concur.
NOTES
[1] Brooks v. Owens, Fla. 1957, 97 So.2d 693, 695. Accord: Seaboard Airline R. Co. v. Timmons. Fla. 1952, 61 So.2d 426; Atlantic Coast Line R. Co. v. Allen, Fla. 1949, 40 So.2d 115.
[2] Black, Law Dictionary (4th ed. 1951).
[3] Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 392, 91 L.Ed. 451. Accord: Klein v. Leader Electric Corporation, D.C., 81 F. Supp. 624; Silver v. Geo. E. Keith Co., D.C., 14 F.R.D. 163; Onofrio v. American Beauty Macaroni Co., D.C., 11 F.R.D. 181; Cinema Amusements v. Loew's, Inc., D.C., 7 F.R.D. 318.
[4] Dupree v. Better Way, Fla. 1956, 86 So.2d 425.
[5] Seaboard Airline R. Co. v. Timmons; Atlantic Coast Line R. Co. v. Allen, supra, note 1; See: Miami Transit Co. v. Hurns, Fla. 1950, 46 So.2d 390.