STURGIS, Chief Judge.
The petitioner, Marine Investment Company, seeks review by certiorari of an order of the trial court, dated January 16, 1964, denying petitioner’s objection to the following interrogatory addressed prior to the filing of the petitioner-defendant’s answer in a suit to enforce an alleged promissory note of the petitioner in favor of the respondent-plaintiff, J. C. Van Voorhis, as Trustee of Gibbs Corporation, a bankrupt:
“5. State whether or not the books and records of Marine Investment Company reflect any indebtedness to the Gibbs Corporation and, if so, in what amount, and by reason of what transactions, and the dates of said transactions.”
The petitioner objected thereto on the ground that said interrogatory is improper, irrelevant, and oppressive, and that it calls for a legal conclusion and expression of opinion. The objection was well taken and the order overruling same and requiring petitioner to answer constitutes error for which there is no full, adequate and competent remedy available to petitioner by *910 appeal after final judgment. Under such exceptional circumstances certiorari is proper to review an interlocutory order in an action,at law. See Boucher v. Pure Oil Company, 101 So.2d 408 (Fla.App.); Southern Standard Life Insurance Co. v. Holloman, 149 So.2d 882 (Fla.App.).
 The right of discovery by use of interrogatories is to be liberally .construed to the end that any matter not .privileged and which is relevant to the subject matter involved in the pending action must be disclosed. Rule 1.21(b), F.R.C.P., 30 F.S.A. The quoted interrogatory is irrelevant and obviously would require the petitioner to search all its books and records, without limitation as to kind or dates, to ascertain if they reflect any transactions indicating “any indebtedness [of the petitioner] to the Gibbs Corporation.” It is evident that if any of petitioner’s books and records other than those relating to notes payable, or to the specific note in suit, should contain data reflecting any other type of indebtedness to Gibbs Corporation, the same would not be germane to the cause of action on the promissory note. The challenged interrogatory also calls for an'expression of opinion as to the legal effect of any §uch extraneous data as might appear from spch.books'and records.
Petitioner argues that the excursion into its affairs as called for by the interrogatory might result in additional actions by the respondent against the petitioner, but this contention is' without merit where an interrogatory is relevant, proper and inoppres-sive. In brief, the interrogatory in question is totally irrelevant to the pending action and is so broad in scope that the conclusion is inescapable it cannot be answered without exacting an oppressive burden upon the petitioner, for which there is no adequate remedy by appeal after judgment.
Certiorari is granted and the order denying the objection to said interrogatory is hereby quashed.
WIGGINTON and RAWLS, JJ., concur.