SWANN, Judge.
The petitioner, Frank Lopez, seeks a writ of certiorari pursuant to Florida Appellate Rule 4.5(c), 31 F.S.A. and Article V, Section 4, of the Florida Constitution, F.S.A.
The trial court, in an action at law, required the petitioner (plaintiff) to answer the following interrogatories:
******
“10. State the names and addresses of any other persons believed or known by you, or your attorney, to have any knowledge concerning the facts pertaining to the within accident.”
******
“12. Of your knowledge, or that of your attorney, what injuries did you receive in the within accident ?
“13. Of your knowledge, or that of your attorney, list any permanent scars, disfigurements, disabilities or discomforts growing out of the within accident.
“14. Of your knowledge, or that of your attorney, please state the exact nature of all other physical and/or mental complaints attributable to the injuries you allegedly received in the within accident.
“15. To your knowledge, or that of your attorney, has any doctor or doctors assigned a disability rating to you, either on a temporary or permanent basis, as a result of the within accident ? If so, state the percentage or percentages and the name of the doctor or doctors giving same and whether such disability rating or ratings are temporary or permanent.”
******
Petitioner complains that the answers to these interrogatories seek to invade the work product of his attorney, or that they require a violation of the attorney-client privilege.
In Boucher v. Pure Oil Co., Fla.App. 1958, 101 So.2d 408, Judge Wiggington reviewed the reasons for granting certiorari of an interlocutory order entered in an action at law. His reasoning applies with equal vigor herein, and we agree.
In Dupree v. Better Way, Fla.1956, 86 So.2d 425, the Supreme Court required an answer to an interrogatory in a law action which was essentially the same as that set forth in Interrogatory No. 10 herein. Under the authority of Dupree, we conclude that the petitioner is required to answer that interrogatory and that it does not invade his attorney’s work product for the reasons cited therein.
As in Boucher, supra, we see no reason to permit an unwarranted search in *329 to the mental impressions formed by counsel for an opposing party concerning his opinions or conclusions as to the law and theory applicable to his case. “Such information is merely counsel’s impression and legal opinion and does not constitute facts germane to the cause upon which the issues are drawn between the parties.” (Id., at 101 So.2d 411).
The petitioner may be required to answer the interrogatories set forth above of his own knowledge. That portion of the interrogatories which would require him to set forth the knowledge of his attorney is improper, inasmuch as it compels him to give his opinions and conclusions as to the knowledge of his attorney and attempts to invade the work product of his attorney.
The writ is hereby granted and the order entered in this cause be and the same is hereby quashed and held for naught.
It is so ordered.