210 So.2d 259 (1968)
Don D. MEIKLEJOHN, Director of the State Beverage Department of Florida, and Central Florida Distributing Company, Inc., a Florida Corporation, Appellants,
v.
AMERICAN DISTRIBUTORS, INC., et al., Appellees.
No. K-11.
District Court of Appeal of Florida. First District.
April 16, 1968.
Rehearing Denied June 6, 1968.
*260 James J. Richardson and W.R. Phillips, Tallahassee, for appellants.
Paul A. Saad, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellees.
WIGGINTON, Chief Judge.
Appellants seek review by interlocutory appeal of an order rendered by the Circuit Court of Leon County denying their motion to dismiss the complaint filed in that court upon the asserted ground that the court lacked jurisdiction over the subject matter of the cause. It is contended that the court erred as a matter of law in holding that it has jurisdiction of the proceedings pending before it, and in denying appellants' motion to dismiss.
This case had its genesis in an administrative proceeding commenced under the beverage laws of this state pursuant to which appellant, Central Florida Distributing Company, applied to the State Beverage Department for the issuance of a license allowing it to distribute spirituous liquors to licensed vendors under the applicable provisions of law.[1] As required by the statute, the beverage director gave notice to the applicant and all other licensed liquor distributors that a hearing would be held at a stated time for the purpose of determining whether the application should be granted.[2]
Appellee, American Distributors, Inc., was one among many of the licensed distributors operating in Florida on whom the foregoing notice of hearing was served. *261 American thereupon promptly filed with the director its objection and protest to the issuance of the license for which Central Florida had applied. Prior to the date of the hearing Central Florida petitioned the director for an order requiring American and other protesting distributors to give their depositions by answering certain specified written interrogatories, copies of which were served on American and the other protesting distributors. In accordance with the authority granted him by the administrative procedure act,[3] the director entered his order requiring American and others to answer the interrogatories served by Central Florida unless within the time limited for answering, the protestants should file and serve upon Central Florida objections to such interrogatories. Objections to the interrogatories were filed by American and the other protestants. At a hearing duly held after notice to the parties, the director entered his order sustaining American's objections to some of the interrogatories, but requiring that the remainder be answered as requested by Central Florida.
Conceiving that it would suffer irreparable injury if required to answer the interrogatories as ordered by the beverage director, American sought relief by the filing of this action in the Circuit Court of Leon County. By its complaint for declaratory decree brought pursuant to Chapter 87, Florida Statutes, F.S.A., American alleged that a controversy had arisen between it and the defendant beverage director relative to its obligation to produce the information required of it by the director's order, none of which is either material or relevant to the issues presented by Central Florida's application for a distributor's license under the beverage act. By its prayer for relief American prayed for judgment declaring and adjudicating its rights and duties under the beverage director's order, and declaring that it is not required to produce the information sought to be elicited by the questioned interrogatories. Plaintiff prayed generally for such other and further relief as the court may deem meet and just.
The defendants, Meiklejohn as beverage director, and Central Florida, as applicant, filed their motions to dismiss American's complaint on the primary ground that the circuit court lacked jurisdiction over the subject matter of the action which seeks review of an interlocutory order rendered by a state agency in a quasi-judicial proceeding, in which the final order to be entered therein is reviewable only by petition for writ of certiorari to the district court of appeal, and not to the circuit court. From an order of the circuit court denying appellants' motion to dismiss, this interlocutory appeal is taken.
The Constitution of Florida vests in the district courts of appeal such powers of direct review of administrative action as may be provided by law.[4]
The rules of appellate procedure adopted by the Supreme Court pursuant to the authority vested in it by Article V, Section 3, of the Florida Constitution, F.S.A.,[5] provide that all appellate review of the rulings of any commission or board shall be by certiorari as provided by the Florida Appellate Rules, 32 F.S.A.[6] The appellate rules further prescribe the procedure to be followed in seeking review by certiorari.[7]
The administrative procedure act of this state which provides for judicial review of *262 orders entered by state agencies, boards and commissions is in pertinent part as follows:

"Review of agency orders. 
(1) As an alternative procedure for judicial review, and except where appellate review is now made directly by the supreme court, the final orders of an agency entered in any agency proceedings, or in the exercise of any judicial or quasi-judicial authority, shall be reviewable by certiorari by the district courts of appeal within the time and manner prescribed by the Florida appellate rules. If judicial review is sought under this section, the petition shall so state. The venue of the proceedings for such review shall be the appellate district which includes the county wherein hearings before the hearing officer or agency, as the case may be, are conducted, or if venue cannot be thus determined, then the appellate district wherein the agency's executive offices are located."[8]
From the above-quoted provision of the administrative procedure act it is readily apparent that review by certiorari of orders rendered in administrative proceedings by state agencies applies only to those orders which may be properly categorized as final in nature, and which are rendered in the exercise of any judicial or quasi-judicial authority. It does not specifically apply to interlocutory orders, nor does it apply to any orders rendered in the exercise of an executive, legislative, quasi-executive, or quasi-legislative authority.
Although the order which is made the subject of attack by declaratory decree in this case is interlocutory in character, there can be no question but that it was rendered by a state agency in the exercise of a quasi-judicial authority. This is evidenced by the fact that the statute pursuant to which Central Florida's application for a distributor's license was filed requires that the decision of whether it should be granted be made by the director only after due notice and hearing to all interested parties. It is apparent that the director, in the conduct of this proceeding, is conforming to the requirements of the administrative procedure act, because it is in accordance with the requirements of that act that the order directing American to answer the interrogatories propounded by Central Florida was rendered after due notice and proper hearing. The administrative procedure act prescribes the procedure to be followed by the agency in order to assure that all interested parties are accorded due process and receive the equal protection of the laws in the rendition of the final order to be ultimately rendered therein. Such factors establish without dispute that the proceeding out of which the cause of action alleged in the complaint for declaratory decree arose is quasi-judicial in character.
When a statute vesting in a governmental agency the authority to adjudicate the legal rights, duties, privileges or immunities of those within its jurisdiction provides the method by which orders rendered by such agencies in the exercise of their authority may be reviewed, then that method shall prevail over other methods of review provided by rules of court.[9] If, however, the statute prescribing the powers and duties of the agency does not specify the method by which its orders and decisions shall be reviewed, and the order or decision is rendered in the exercise of a judicial or quasi-judicial authority, then the method of reviewing such final orders or decisions shall be by writ of certiorari.[10] The alternative method prescribed by law for reviewing a final order of a state agency rendered in the exercise of its quasi-judicial authority is that prescribed by the administrative procedure act. This statute provides that such review shall be by petition for writ of certiorari to the *263 district court of appeal of the appellate district which includes the county wherein hearings before the hearing officer or agency were conducted, or if venue cannot be thus determined, then in the appellate district wherein the agency's executive offices are located. The proceeding shall be initiated within the time and conducted in the manner prescribed by the Florida Appellate Rules.[11]
As heretofore alluded to, review of administrative orders by certiorari under the administrative procedure act is confined to orders final in nature. The order which forms the subject matter of this proceeding was not final, but merely interlocutory in nature and entered during the preliminary stages of the administrative proceeding being conducted by the director. Neither the statute nor the rules of procedure adopted by the Supreme Court specifically provide for the method of reviewing interlocutory orders rendered by a governmental agency in a quasi-judicial proceeding. This fact, however, should not leave a person aggrieved by such an order without remedy. It is the established law of this state that interlocutory orders rendered in connection with discovery proceedings conducted in courts of competent jurisdiction within the judicial system of our state which are not reviewable by interlocutory appeal may be reviewed by common law certiorari if the petitioner can demonstrate that the order complained of was rendered by the court in excess of its jurisdiction, or that it does not conform to the essential requirements of law and may cause material injury throughout subsequent proceedings for which the remedy by appeal will be inadequate.[12]
It is our view, and we so hold, that the rule applicable to review by common law certiorari of interlocutory orders rendered by courts of law as set forth in the Marine Investment Company and Boucher decisions, supra, should be equally applicable to interlocutory orders rendered by governmental agencies in the exercise of their quasi-judicial authority. Upon such holding, it necessarily follows that the proper method of reviewing the questioned order in the case sub judice is by petition for writ of certiorari to this court, and not by the institution of this action for declaratory decree or injunction in the Circuit Court of Leon County.
It is apparent from the allegations of the complaint filed herein, and from the brief filed and argument advanced by counsel for American, that this action for declaratory decree was instituted in the circuit court upon the theory that it is authorized under Part III of the administrative procedure act dealing with judicial review of actions by governmental agencies and which provides as follows:

"Declaratory judgment on validity of rules. 
"(1) Any affected party may obtain a judicial declaration as to the validity, meaning or application of any rule by bringing an action for a declaratory judgment in the circuit court of the county in which such person resides or in which the executive offices of the agency are maintained. This subsection shall not apply to chapter 212.
"(2) In addition to any other ground which may exist, any rule may be declared invalid, in whole or in part, for a substantial failure to comply with the provisions of this chapter, or in the case of any emergency rule, upon the ground that the facts recited in the statement do not constitute an emergency."[13]
In its order denying appellants' motion to dismiss the complaint, the circuit *264 court expressed doubt as to whether the order of the director which is under attack should be regarded as a "rule" within the provision of the administrative procedure act above cited. We are of the view that the trial court's doubts in this respect were well founded. This question was considered and passed upon by this court in the case of Polar Ice Cream & Creamery Company v. Andrews[14] in which we held that the term "rule" referred to in the above-cited section of the statute was intended to apply only to a rule or order promulgated by the agency in the exercise of its quasi-legislative authority having a general application and which uniformly affects the rights of the public or other interested parties coming within the agency's jurisdiction. This section of the statute has no application whatever to an order rendered by the agency in its conduct of a quasi-judicial proceeding which applies only to the issues in that proceeding, and affects only the parties thereto.
In its order denying appellants' motion to dismiss the complaint, the trial court held that the primary purpose of this suit is to restrain the director from requiring American to answer certain interrogatories as a condition to further participation in the administrative proceeding. The court held that such relief, if proper, may be by injunction granted under American's prayer for general relief, and therefore the complaint states a cause of action within the jurisdiction of the circuit court under Section 120.31(4) of the administrative procedure act, and the decision rendered by the Second District Court of Appeal in Williams v. Ferrentino.[15]
The section of the administrative procedure act relied upon by the circuit court to vest it with jurisdiction of this cause provides as follows, to wit:

"Review of agency orders. 
* * * * * *
(4) When appropriate, a party may attack an adverse order by mandamus, prohibition or injunction, and costs shall be assessed as provided in other civil actions."[16]
It is noted that the foregoing provision of the act is confined to review of agency orders only in those instances in which review by mandamus, prohibition or injunction may be appropriate. It is the settled law of this state that the method of review referred to becomes appropriate only with respect to orders rendered by governmental agencies when exercising a legislative, executive, quasi-legislative, or quasi-executive authority. Such orders are normally rendered by the agency without notice to the party affected, and without providing the affected party with an opportunity to appear either in person or by counsel and be heard with respect to such party's interest in the outcome of the proceeding. No record is made of the proceeding out of which the final order arises, so such orders obviously are not capable of review by certiorari as there is no record of the proceeding which the reviewing court may examine for the purpose of determining whether error has occurred. Such orders may therefore be attacked directly by appropriate action brought in the proper court of competent jurisdiction within the judicial system of this state, and protection against such order may be sought either by injunction, mandamus or prohibition.[17]
*265 The trial court's reliance upon the decision of Williams v. Ferrentino, supra, as authority for its conclusion that it possessed jurisdiction to entertain this action is misplaced. The administrative order assaulted in the Ferrentino case was found by the District Court of Appeal to be a nullity because it was rendered by an employee in the office of the Insurance Commissioner of Florida, and not by a commission or agency as required by the statute. The court further found that even if the order could be considered as having been rendered by the Insurance Commission as authorized by law, it was not rendered in the exercise of a quasi-judicial authority but was purely administrative or quasi-executive in character. Upon such finding the court held that its decision was controlled by the decisions hereinabove cited and rendered by this court in Harris v. Goff and Bloomfield v. Mayo, supra, and by the Supreme Court in DeGroot v. Sheffield, supra. The holding of the Second District Court of Appeal in Ferrentino is in harmony with the decision which we hereby reach in the case sub judice. If the order of the beverage director which is the subject of the complaint for declaratory decree in this case was purely administrative or quasi-executive in character, as was the order in Ferrentino, then the rule of law pronounced in that case would be applicable, and the order would be properly reviewable by suit for injunction filed in the circuit court. Such, however, is not true and therefore that case cannot support the decision of the circuit court which is the subject of this appeal.
For the foregoing reasons we hold that the circuit court is without jurisdiction to review or pass upon the validity and correctness of the beverage director's order requiring American to answer the interrogatories propounded by Central Florida. For that reason the court erred in denying appellants' motion to dismiss the complaint. The order appealed is reversed and the cause remanded with directions that an appropriate judgment be entered in accordance with the views expressed herein.
Reversed.
CARROLL, DONALD K., and RAWLS, JJ., concur.
NOTES
[1] F.S. § 561.24, F.S.A.
[2] F.S. § 561.241, F.S.A.

"Distributor's licenses; issuance and transfer; procedure.  No new spirituous liquor distributor's license shall be issued by the beverage department * * * unless and until the director shall determine that such issuance or transfer is necessary in the interest of the public and the licensee concerned, after a hearing duly called and held by the director in which fifteen days notice shall be given to the * * * applicant and to all other licensed spirituous liquor distributors."
[3] F.S. § 120.25, F.S.A.

"Agency's and hearing examiner's powers.  The agency * * * shall have authority, subject to the agency's published rules, to
* * * * * * *
(4) Take or cause depositions to be taken whenever the ends of justice would be served thereby, * * *"
[4] Fla.Constitution, Art. V, § 5(3).
[5] Fla.Constitution, Art. V, § 3.

"Practice and Procedure.  The practice and procedure in all courts shall be governed by rules adopted by the supreme court."
[6] Rule 4.1, F.A.R.
[7] Rule 4.5, subd. c, F.A.R.
[8] F.S. § 120.31(1), F.S.A.
[9] State v. Furen, (Fla. 1960) 118 So.2d 6.
[10] Bloomfield v. Mayo, (Fla.App. 1960) 119 So.2d 417; DeGroot v. Sheffield, (Fla. 1957) 95 So.2d 912.
[11] F.S. § 120.31, F.S.A.
[12] Marine Investment Company v. Van Voorhis, (Fla.App. 1964) 162 So.2d 909; Boucher v. Pure Oil Company, (Fla.App. 1957) 101 So.2d 408.
[13] F.S. § 120.30, F.S.A.
[14] Polar Ice Cream & Creamery Company v. Andrews, (Fla.App. 1962) 146 So.2d 609.
[15] Williams v. Ferrentino, (Fla.App. 1967) 199 So.2d 504.
[16] F.S. § 120.31 (4), F.S.A.
[17] Harris v. Goff, (Fla.App. 1963) 151 So.2d 642; Teston v. City of Tampa, (Fla. 1962) 143 So.2d 473; Bloomfield v. Mayo, supra note 10.