PER CURIAM.
Petitioner, plaintiff in the trial court, seeks review of an order in a negligence action wherein the trial judge overruled certain objections to written interrogatories. The respondent has cross-petitioned the trial judge’s order sustaining an objection to one interrogatory it had propounded.
The plaintiff was required to respond to interrogatory No. 23, which reads as follows:
“To your knowledge, or that of your attorney, did any doctor ever assign a disability rating to your wife, either on a temporary or permanent basis ? If so, state the percentage given and the name of the doctor giving same, whether such disability rating was temporary or permanent.”
The order requiring the response to this interrogatory is quashed, pursuant to authority found in Lopez v. Wallack, Fla.App.1967, 197 So.2d 327.
In interrogatories numbered 27, 28, 29, 30, 31, and 35, wherein the objection was overruled, the ruling denying this objection is sustained as to the plaintiff but quashed as to that portion of the interrogatories that required the plaintiff to respond on behalf of his agent, attorney, servant, employee, etc., as to knowledge of certain facts and conclusions.
The remaining interrogatories, numbered 37, 38, 39, 40, 41, 42, and 43, response to which was required by the trial court, are similar in nature to number 37, which reads as follows:
“State the name and address of any witness who will testify to the allegations set forth in Paragraph 3 of the Complaint.”
We find no abuse of discretion in the trial judge requiring the response to these interrogatories and, therefore, deny the relief sought by the petitioner in this connection. It is noted that the response to the interrogatories are not of a continuing nature [Rule 1.340(d), Florida Rules of Civil Procedure, 30 F.S.A.], and the plaintiff is only required to respond to the best of his knowledge. Kennard v. State, 42 Fla. 581, 28 So. 858.
An examination of the cross-petition demonstrates no error in the trial court’s *873 sustaining the objection to interrogatory number 36. Atlantic Coast Line R. Co. v. Allen, Fla.1949, 40 So.2d 115; Boucher v. Pure Oil Company, Fla.App.1957, 101 So.2d 408; Lopez v. Wallack, supra; 10 Fla. Jur., Discovery, § 6.
Therefore, for the reasons above stated, the petition for certiorari to review the order on objections is granted in part and denied in part.