## DEWITT v. SEABOARD COAST LINE R.R. CO.

No. 4567.

Circuit Court, Lake County.

July 10, 1970.

Dominick J. Salfi of Fishback, Davis, Dominick, Simonet & Salfi, Orlando, for the plaintiff.

William H. Davis of Giles, Hedrick & Robinson, Orlando, for the defendant.

W. TROY HALL, Jr., Circuit Judge.

This action arises out of a collision between an automobile driven by the deceased wife of the plaintiff and a tank car owned and operated by the defendant, Seaboard Coast Line Railroad Company. The automobile was proceeding in a westerly direction on Lakeshore Drive in Eustis in the area where Lakeshore Drive crosses the railroad tracks. When the car reached the tracks it was hit by a single tank car of the defendant which was rolling along the tracks in a northerly direction after having been disconnected from the other cars of the train in a flying switch operation. As a result of the collision which occurred, the plaintiff's wife was killed.

As a part of the pre-trial discovery the plaintiff filed a number of interrogatories directed to the defendant. One of these interrogatories follows —

State whether an automobile approaching the Lakeshore Drive crossing in an easterly [sic] direction would be visible to a person on a tank car proceeding in a northerly direction, if the person were on a tank car similar to the one involved in the above styled case in a position similar to that of your employee at the time just prior to the accident which is the subject matter of the above styled case, when the automobile is located at each of the following distances from the crossing:

   (a)  ¼ mile
   (b)  200 yards
   (c)  100 yards
   (d)  50 yards
   (e)  25 yards
   (f)  25 feet

If your answer to any part of the preceding question was negative, with respect to such portion of the question, please state the location and description of each obstruction to vision that existed at the time of the accident.

Within the ten days as provided by the Rules of Civil Procedure, the defendant objected to the above interrogatory on the following grounds —

That the subject matter of the interrogatory did not constitute "matter" relative to plaintiff's action, but instead the interrogatory sought to elicit the opinion of the defendant concerning the visibility of an automobile located at a particular place with the tank car at a specified place, that the details of an accident which are not within the corporate knowledge of the defendant and of which only the train crew could know, and concerning which defendant's opinion would necessarily have to be based on hearsay, cannot be inquired into under Rule 1.340 of the Rules of Civil Procedure.

A hearing was held before this court to consider the defendant's objections to the interrogatory as set forth above.

At the hearing the defendant took the position that the interrogatory sought to elicit the opinion of the defendant and that the defendant could not be required to state an opinion as an answer to an interrogatory. Further, the defendant maintained that the information sought to be elicited by the interrogatory was not information available to the corporation and would require inquiry by the corporation of its employees to determine the answers and that such answers would therefore be hearsay and for this reason could not be required in reply to an interrogatory. Finally, the

defendant asserted that the interrogatory constituted a request by the plaintiff for the defendant to do the plaintiff's investigating.

The plaintiff took the position that the information sought was not opinion but rather was objective fact and therefore not objectionable. In addition the plaintiff asserted that a corporation can have knowledge only through its employees and that a corporation is obligated under the Rules of Civil Procedure to determine the answer to an interrogatory if such answer is within the knowledge of any employee of the corporation. The plaintiff took the position that Rule 1.340 allows a party to discover matters relevant to the subject matter of a pending action and that the objection that the information sought to be elicited might not be admissible at trial on the grounds of hearsay does not make an interrogatory requesting such information objectionable since it is for the purposes of discovery and the answers thereto might lead to admissible evidence. Finally, the plaintiff took the position that the information sought to be elicited by this particular interrogatory was matter relevant to the subject matter of the pending action and in fact was that type of information which the jury would wish to have available to it in its consideration of the issues. Because the action involves a railroad company as a defendant the plaintiff asserted that the railroad's contention that plaintiff was seeking to force the railroad to do the plaintiff's investigation was spurious since the plaintiff would have no way of obtaining this information not having otherwise available to it a railroad tank car similiar to the one involved in the accident nor any other manner of determining the possible existence of obstructions on the tank car to the view of an employee on the car. The plaintiff pointed out that if the plaintiff was unable to obtain this information from the defendant railroad company, at trial the only evidence concerning the questions raised by the interrogatory would be that of the railroad which the plaintiff would be, as a practical matter, precluded from impeaching, or, no evidence whatever on the issue would be presented to the jury.

The defendant cites Boucher v. Pure Oil Company, 101 So.2d 408 (Fla. App. 1957) for the proposition that a party may not be called on by interrogatories to state an opinion or to divulge work product. The instant case is clearly distinguishable from the authority cited by the defendant. The information sought by the interrogatory does not seek to elicit from the defendant an opinion as to the law of the case as did the interrogatory in the *Boucher* case. The question asked by the plaintiff, as pointed out by the plaintiff, is a question of fact, that is, whether an automobile can be seen under conditions similar to those which existed at the time of the accident involved in this action from various locations along

the railroad tracks. Clearly no opinion as was prohibited by the *Boucher* case is called for by such a question. Black's Law Dictionary defines opinion as an "inference or conclusion." Except in the philosophical sense in which everything may be said to be an inference or conclusion, clearly the question whether something may be seen from a particular location under circumstances similar to those which are known does not require the drawing of any inference or conclusion but rather the stating of a demonstrable, objective fact.

The defendant's assertion that the interrogatory in question calls for the divulging of work product based on the *Boucher* case, is likewise defective. The work product considered by the court in *Boucher* was the product of an attorney's research of the law. The interrogatory here in question requests defendant to state whether or not a person on a tank car similar to the one involved in the accident could see a vehicle at a specific location when the tank car was at various distances from that location and therefore, does not call for the divulging of work product of the defendant or its attorney but rather seeks information available to the defendant, and not to the plaintiff, which information is therefore not protected by the work product rule. A contrary holding in this regard would amount to a holding that any information which is obtained by an attorney or a party, which that attorney seeks to protect from discovery can be so protected by virtue of its being collected by the party or his attorney for purposes of the action. Clearly, the authorities do not contemplate such a result since this would defeat the stated purposes of the various discovery rules. See Hickman v. Taylor, 329 U.S. 495 (1947), 20 ALR 3d 756, *Moore's Federal Practice*, 33.07, 33.26.

The purpose of discovery is to eliminate as far as possible concealment or surprise in the trial of a law suit and to insure that the determination of the cause is upon the real merits and the truth and to expedite the disposition of the suit. See Southern Mill Creek Products Company v. Delta Chemical Company, 203 So.2d 53 (Fla. App. 1967).

Rule 1.340(e) provides that interrogatories may relate to any matters which can be inquired into under Rule 1.280(b). Rule 1.280(b) states in part —

> "It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculaed to lead to the discovery of admissible evidence."

Thus, because information sought by an interrogatory might be excluded at trial as hearsay is not sufficient grounds to bar the discovery of this information by interrogatory. This is especially

true in cases where the information sought is, as a practical matter, available only to the interrogated party.

The defendant cited to the court McCord v. Atlantic Coast Line Railroad Company, 185 F.2d 603 (5th Cir. 1950) for the proposition that the corporation could not be required to answer questions which were not within the corporation's knowledge and that would require the expression by the corporation of hearsay or of opinion. The United States Court of Appeals for the 5th Circuit noted at page 606 that —

"The questions which were permitted and answered related to the corporation's existence, the physical aspects of the tracks and streets at the crossing, the makeup and operation of the train on schedule at an hour stated, the names and addresses of the employees on the train, and the fact and hour of the collision."

The court there notes that the interrogatories objected to requested information concerning what the engineer and other members of the train crew had seen and what they had done and, as the court put it, "other details which only the train crew could know." The same cannot be said for the information sought to be elicited by the interrogatory in the case at bar. The question involved here is one concerning the physical aspects of the track and the street at the crossing, the same questions which were allowed and were answered in the *McCord* case, supra. Finally, there has been no showing that the facts sought to be elicited by the interrogatory here in question are particularly within the knowledge of the specific train crew operating the tank car on the day of the accident.

Since the liability of the corporation must be based on the doctrine of *respondeat superior*, it is reasonable to require a corporation to inquire of its employees to obtain information requested in an interrogatory directed to the corporation when the facts are known by the employees and when such employees are still in the employ of the corporation and within convenient reach. See *Moore's Federal Practice*, 33.26 at 2405-2407 (considering the opinions of Chief Justice Holmes in a 1901 Massachusetts decision). Clearly a corporation may not avoid answering an interrogatory on the ground that to answer would require the exertion of some effort on its part. See 20 ALR 3d 756 (Annotation).

This court is of the opinion that the interrogatory propounded by the plaintiff complies in all respects with the requirements of Rule 1.340, the information requested is not as a practical matter available to the plaintiff except as provided by the defendant, that the informatioin required is not an opinion but rather a fact and

that such information may properly be required even though the defendant's answer is based on hearsay.

It is therefore, ordered and adjudged that the defendant's objections to the interrogatory are denied and it is further ordered and adjudged that the defendant be given 20 days in which to file its sworn answers to the interrogatory.