McNULTY, Judge.
This administrative proceeding originated before the Department of Agriculture pursuant to the Florida Citrus Code.[1] Complainant-petitioner was awarded damages but now seeks review alleging insufficiency of the amount thereof. The case is before us on certiorari, but in a peculiar posture; and we deem it propitious to trace the steps, and comment thereon, as it traveled its course.
Review of the departmental award aforesaid was first sought by certiorari to the circuit court pursuant to § 601.66(4), F.S.1969, F.S.A., which provides in pertinent part as follows:
“(4) If the department [of agriculture] determines that the complaint has not been . . . established . . . [its] order shall, among other things, dismiss the proceeding. The original complainant, if he is aggrieved, shall have thirty days . . . within which to seek review ... by certiorari proceedings in the circuit court in and for Polk County, . . ..”
The circuit judge apparently determined that review by the circuit court under this section was inappropriate for the reason that the original complaint was not “dismissed” and was in fact “established” at least to the extent of the award now allegedly inadequate. He nevertheless considered that the matter was reviewable by this court, and he ordered transfer of the cause pursuant to the provisions of Rule 2.1(a) (5) (d), F.A.R. 32 F.S.A. We think he was correct and that the matter is now properly before us.
A specifically prescribed method for seeking review in any particular action or proceeding or from any specified order or decree therein must be observed in cases falling within the purview of the special statute relating to such action or order.[2] The aforesaid § 601.66(4) of the Citrus Code permits certiorari to the circuit court only when the complaint is not established *511 and is dismissed, not as here when it is sustained at least in part. So no right of plenary review in favor of a complainant lies in the circuit court except from an order of dismissal.
The Florida Administrative Procedure Act,[3] however, provides for judicial review of the orders of administrative agencies generally. Section 120.31(1) thereof reads as follows, in pertinent part:
“(1) As an alternative procedure for judicial review, and except where appellate review is now made directly by (sic) the supreme court, the final orders of an agency entered in any agency proceeding, or in the exercise of any judicial or quasi-judicial authority, shall be reviewable by certiorari by the district courts of appeal within the time and manner prescribed by the Florida appellate rules. * *
It has been said that the “alternative procedure” thus provided for is in addition to that which, under appropriate circumstances, may be sought by a declaratory j udgment action;[4] but this statute has also been interpreted to mean that certiora-ri to a district court will lie where no other method or forum is specifically provided for by statute.[5] Therefore, since the order sought to be reviewed does not fit within the express four corners of § 601.66(4), such order is properly reviewable by cer-tiorari pursuant to § 120.31, supra; and we so hold.
Getting now to the merits of petitioner’s contentions we find that they are, in essence, predicated upon findings of fact by the Department of Agriculture in the proceedings below. We have carefully reviewed the record and find that there was competent, substantial evidence to support the findings and conclusions made therein.[6] Accordingly, the order under review is affirmed and certiorari is denied.
Certiorari denied.
LILES, A. C. J., and HOBSON, J., concur.

. § 601.66, F.S.1969, F.S.A.

. Of. Meiklejohn v. American Distributors, Inc. (Fla.App.1968), 210 So.2d 259 and Alderman v. Conner (Fla.App.1967), 205 So.2d 25.

. Chapter 120, F.S.1969, § 120.30 et seq., F.S.A.

. See Meiklejohn v. American Distributors, Inc., n. 2, supra, 210 So.2d at p. 262, and 2 Maloy Florida Appellate Practice and Procedures § 37.07 (1966).

. See, DeGroot v. Sheffield (Fla.1957), 95 So.2d 912. See, also, Alderman v. Conner, n. 2, supra.

. While we do not find it necessary to fully explore it, the matter is still patently pregnant with the question of the nature of the certiorari involved here; i. e., whether it is common law certiorari, with its corresponding narrow scope of review, or whether it’s a full appellate review in the procedural form of certio-rari instead of appeal. We cursorily observe some clear differences, however, between common law certiorari and the certiorari prescribed in the various statutes relating to the form of review of administrative proceedings, illustrative of which is, of course, that provided for in § 120.31, supra. For one thing, common law certiorari is an extraordinary, discretionary writ while that provided for in the statute appears mandatory (“. the final orders of an agency shall be reviewable by certiorari by the district courts of appeal”). Furthermore, most of the cases dealing with statutory review by certiorari seem to apply the standard of whether the order under attack is supported by “competent, substantial” evidence rather than whether there was irrevocable prejudice coupled with a departure from the essential requirements of law, as is required in common law certiorari. See, e. g., DeGroot, n. 5, supra. As noted, however, we do not find it necessary to decide this point since we think it is obvious that we find we can affirm the order appealed from on the broader and more liberal appellate grounds without having to determine the stricter grounds of whether there was a departure from essential legal requirements.