QUESTIONS:
1. Is the Pollution Control Board authorized to delegate authority to hearing examiners to make final determinations on requests to compel discovery?
2. Must the board entertain interlocutory appeals from decisions of hearing examiners concerning requests to compel discovery?
SUMMARY:
The Florida Pollution Control Board may, pursuant to the Administrative Procedure Act (Ch. 120, F.S.) and s. 403.061(9), F.S., delegate authority to its duly designated hearing examiners to issue orders to compel discovery subject to any applicable and duly published rule of the board.
The review of such orders rendered by such hearing examiner in the preliminary stages of a quasi-judicial agency proceeding is to be had by petition for writ of common law certiorari to the district court of appeal, if the petitioner can demonstrate that the order complained of was rendered by such hearing examiner in excess of the board's jurisdiction or that it does not conform to the essential requirements of law and may cause material injury throughout subsequent agency proceedings for which the remedy of appellate review of final orders of the agency, as prescribed by law and court rules, will be inadequate. Such interlocutory orders are not required to be reviewed by the Pollution Control Board.
The Pollution Control Board may delegate its authority to hearing examiners and grant to them complete authority on making rulings on evidentiary matters, including questions of whether or not to compel answers to questions posed during discovery proceedings. Section 120.24, F.S., requires all hearings to be presided over by the agency or by a member of the agency or by a hearing examiner supplied by the agency, who shall be competent by reason of training or experience. The legislature has recognized the propriety of a hearing officer as a functionary of an administrative agency by the enactment of the Administrative Procedure Act, and the designation of a hearing officer to hold and preside over hearings in the exercise of an agency's quasi-judicial authority has been approved by the courts. See Nicholas v. Wainwright, 152 So.2d 458 (1963). The hearing examiner designated by the department shall have the authority, subject to the agency's published rules, to rule upon offers of proof and receive relevant evidence, take or cause depositions to be taken whenever the ends of justice would be served thereby, regulate the course of the hearing, and dispose of procedural requests or similar matters, and enter any order to carry out the purposes of Ch. 120, F.S. Section 120.25. Finally, s. 120.27 requires hearing examiners to give probative effect to evidence which would be admissible in civil proceedings in the courts of the state, but authorizes hearing examiners leeway to allow the introduction of evidence which would have substantial probative effect considering the highly technical and complicated subject matter under the jurisdiction of the agency.
In response to a question similar to that posited by you, my predecessor in office ruled in AGO 063-93 that a board generally may delegate its authority to conduct hearings and to exercise the agency's quasi-judicial powers enumerated in the Administrative Procedure Act preliminary to the final decision and order of the board.
Moreover, with regard to the Department of Pollution Control specifically, s. 403.061(9), F.S., empowers the Department of Pollution Control to designate a hearing examiner to conduct hearings, and describes his powers and duties as follows:
". . . who shall have the power to issue notices of hearings, subpoenas requiring the attendance of witnesses and the production of evidence, to administer oaths, and to take testimony as may be necessary or in conformity with this chapter, and such hearing officer shall certify and file with the department recommendations, findings of fact, and a proposed order; provided, however, that all hearings for the adoption of rules shall be before the department."
It is quite clear that any interlocutory appeal to the board would be a waste of time and unnecessary, based upon the fact that the authority of the board to conduct and regulate the course of hearings has been delegated to the hearing examiner pursuant to law. The review of interlocutory orders or rulings rendered by the agency's designated hearing examiner in the preliminary stages of a quasi-judicial proceeding is to be had by common law certiorari to the appropriate district court of appeal. See Art. V, s. 4, State Const., Florida Appellate Rules 4.1 and 4.2; Meiklejohn v. American Distributors, Inc., 210 So.2d 259 (1 D.C.A. Fla., 1968).
This matter was met directly in Meiklejohn v. American Distributors, Inc., supra, in which one of the questions before the court concerned the review of an interlocutory order rendered during the preliminary stages of an administrative proceeding being conducted by the beverage director of the State Beverage Department requiring one of the parties to the agency proceeding to answer certain written interrogatories. The court, at page 263, stated:
"It is the established law of this state that interlocutory orders rendered in connection with discovery proceedings conducted in courts of competent jurisdiction within the judicial system of our state which are not reviewable by interlocutory appeal may be reviewed by common law certiorari if the petitioner can demonstrate that the order complained of was rendered by the court in excess of its jurisdiction, or that it does not conform to the essential requirements of law and may cause material injury throughout subsequent proceedings for which the remedy by appeal will be inadequate.
It is our view, and we so hold, that the rule applicable to review by common law certiorari of interlocutory orders rendered by courts of law as set forth in the Marine Investment Company and Booker decisions, supra, should be equally applicable to interlocutory orders rendered by governmental agencies in the exercise of their quasi-judicial authority. Upon such holding, it necessarily follows that the proper method of reviewing the questioned order in the case sub judice, is by petition for writ of certiorari to this court, and not by the institution of this action for declaratory decree or injunction in the Circuit Court of Leon County."
For the above reasons, the Pollution Control Board may, pursuant to the Administrative Procedure Act and s. 403.061(9), supra, delegate authority to its duly designated hearing examiners to issue orders compelling discovery subject to any applicable and duly published rule of the board.
This decision or order, interlocutory in nature, is subject to review in the circumstances enumerated in Meiklejohn, supra, by common law certiorari to the district court of appeal, and is not required to be reviewed by the Pollution Control Board.